## Ex Parte Lindley, Executor.

CHARITABLE TRUST.— *Will.*—A testator devised all his estate to a person named, who was also appointed by the will as executor thereof, in trust, to sell and dispose of the same and apply the proceeds to the payment of the testator's debts, and the residue "to the education of colored children in the State of Indiana."

*Held*, that said executor, after payment of the decedent's debts, was entitled to hold said residue, for the purpose of carrying out the charitable trust, which was not void for uncertainty.

APPEAL from the Washington Common Pleas.

GREGORY, J.—John Williams (a colored man) devised all his estate to the appellant in trust, to sell and dispose of the same and apply the proceeds thereof, first, to the payment of his debts; second, the residue to be applied by his trustee "to the education of colored children in the State of Indiana." The appellant was appointed by the will executor as well as trustee to execute the trust. At the April term, 1867, of the court below, Lindley, as executor, made his report, showing that, after the payment of the debts of the testator, there remained in his hands five thousand five hundred and seventy-seven dollars and fifty-eight cents to be applied to the trust. Over the objection and exception of the appellant, the court made an order directing the money to be paid into court, and declaring the trust closed.

The appellant, in April, 1869, petitioned the court to have the money replaced in his hands, in order to enable him to carry out the trust. The court refused to make the order, and the executor appeals to this court from these orders.

This is a charitable trust, and there being a person named to execute it, the trust is not void for uncertainty. See *M'-Cord* v. *Ochiltree,* 8 Blackf. 15; *The Common Council of the City of Richmond* v. *The State, ex rel. Mendenhall,* 5 Ind. 334.

The court below erred in ordering the money paid into court, and also in refusing to order it returned to the appellant.

The judgment of the court below in ordering the money paid into court, and declaring the trust closed, is reversed. Cause remanded, with direction to order the money to be repaid to the appellant.

*I. L. Collins* and *J. S. Butler,* for appellant.