CRUSE ET AL. *v.* AXTELL ET AL.

DEVISE.—*Masonic Lodge.*—*Trustees.*—Where certain real estate is devised to a lodge of Free and Accepted Masons, for the purpose of building a Masonic lodge on a portion of the same, and where persons are named in the will as trustees to carry out the desires of the testator, and they are given full power to sell and dispose of the real estate except the portion

upon which the building is to be erected, the trustees so named will be trustees of the lot upon which the building is to be erected, and competent to take the title of. the lot and preserve the use during their lives; and the court will supply other trustees, if the preservation of the trust should require it.

SAME.—A devise in 1864 to a lodge of Free and Accepted Masons, organized under the act in the revised statutes of 1838, substantially re-enacted in the statutes of 1843 (pp. 394, 399), which lodge kept up its organization, but did not elect trustees according to section 35 of the statutes of 1843, where competent trustees were appointed by the will containing the devise, was good as a devise to a charitable use, though the lodge was not a corporation *de jure.*

SAME.—If the lodge was a *quasi* corporation, or a corporation *de facto,* or an organization of persons having a name by which they could be identified, it was sufficient.

SAME.—Such devise was also good though the value of the real estate devised to be used for the purpose of building a lodge was more than the amount of personal property which the lodge might lawfully hold for its own use.

SAME.—*Statute of 1843 not Repealed.*—The act of 1843 (Statutes 1843, p. 387), concerning private corporations, is among the exceptions made in the first clause of section 1 of the repealing act, 1 G. & H. 534, and is not repealed by said act.

From the Daviess Circuit Court.

*F. W. Viehe, N. F. Malott,* and *T. R. Cobb,* for appellants. *J. Baker, J. W. Burton,* and *J. T. Pierce,* for appellees.

BIDDLE, J.—This was an action by the appellants against the appellees, to recover the possession of real estate, a particular description of which is given in the complaint. The issue formed by the general denial was submitted to the court for trial, upon an agreed statement of facts, and resulted in a finding and judgment for the appellees.

The appellants have assigned for error the overruling of their motion for a new trial.

The agreed statement of facts was as follows:

"For the purposes of the trial of the above cause, it is admitted by the plaintiffs and defendants:

"1. That Joseph W. Cruse died on the 20th day of March, 1864, seized in fee of the real estate in the plaintiffs' complaint mentioned, and that the plaintiffs are his heirs at law.

" 2. That the said Joseph W. Cruse, on the 18th day of March, 1864, made his last will, of which a copy is hereunto annexed, and that the same was duly admitted to probate in the court of common pleas of Daviess county, Indiana, on April 5th, 1864.

" 3. That said testator died seized in fee of all the real estate in said will mentioned, and that the real estate mentioned in the complaint, which is part of the lands in said will described, contains less than one acre.

" 4. That on the 25th day of May, 1843, the Grand Lodge of the State of Indiana, of Free and Accepted Masons, granted a charter or written authority, a copy of which is hereunto annexed, authorizing the persons therein named, and others who then were or might thereafter become members, to open and hold a lodge of Free and Accepted Ancient Masons, in the town of Washington, Indiana, to be called ' Charity Lodge No. 30 ;' that the persons in said charter named and others then associated with them did thereupon organize said lodge, and those thereafter becoming members of said lodge have ever since held regular and stated meetings for the transaction of business pertaining to said lodge, and have annually elected a master, wardens, and subordinate officers of said lodge, in accordance with said charter and the rules of said lodge.

" 5. That said testator was, at the time of making said will and until his death, a member of said Charity Lodge No. 30.

" 6. That on the 4th day of February, 1871, the members then composing said Charity Lodge No. 30 adopted articles of association, a copy of which is hereto annexed, and that said articles were recorded in the office of the recorder of Daviess county, Indiana, on February 5th, 1871

" 7. That on the 22d day of February, 1871, the members of said Charity Lodge No. 30 elected James R. Clark, Joseph E. Thompson, and Hiram Hogshead trustees of said lodge, and that a certificate of said election, made out by the proper person, a copy of which is hereto annexed, was duly recorded

in the office of the recorder of said county, within ten days from the date aforesaid.

"8. That no election of trustees of said lodge was ever held, or any certificate of election of trustees or officers of said lodge was ever filed for record, or recorded in said recorder's office, prior to February 22d, 1871.

"9. That no articles of association of said lodge or of the members thereof were ever filed for record, or recorded in said recorder's office, before the 4th day of February, 1871.

"10. That after the probate of said will, Samuel W. Peck, William Helphinstine, William Meredith, Joseph E. Thompson, and John G. Berkshire, trustees named in said will, claiming to act under the provisions of said will, took possession and control of the real and personal property purporting in said will to be devised and bequeathed to said Charity Lodge No. 30, and sold the portions of said real estate directed by said will to be sold, and, applying the proceeds thereof and the proceeds of the personal property aforesaid, amounting in the aggregate to nine thousand one hundred and thirty-eight dollars and thirty-two cents, together with five thousand four hundred and ninety-two dollars and fifty cents, furnished by said Charity Lodge No. 30, erected and completed, prior to February 4th, 1871, the building mentioned in said will, in the style and manner therein directed.

"11. The several copies of written instruments hereto annexed are made part of this agreement and shall be read in evidence with the same force and effect as the originals.

"12. It is further agreed, that the plaintiffs, since the death of the said testator, have claimed to own the real estate in plaintiffs' complaint mentioned, as the heirs of the said Joseph W. Cruse, and that said trustees in said will mentioned and the members of said lodge had notice of said claim before and during the time said trustees were acting as such trustees.

"13. It is further agreed, that the plaintiffs, after the probate of said will, accepted the bequests to them in said will contained, and still retain the same.

"14. ‚This agreement shall be confined to the first trial of said cause."

Dated, " November 4th, 1871."

The will of the said testator contains the following provisions material to this case :

" Item 3d. I will and bequeath to my beloved. brother John R. Cruse the use of all the interest which I have in and to the plat of ground in Washington * * * known as the Market Space, during his life, free of rent. At his death, the same shall go to Charity Lodge No. 30, of Free and Accepted Masons, in Washington, Daviess county, to be used by said lodge, together with property hereinafter named, as I shall direct.

" Item 4th. I will and bequeath to ' Charity Lodge No. 30' the following property, to wit:

" Part of old donation lot number one hundred and fifty-eight (158), in township number three, north of range eight (8) west, containing two hundred acres.

"Also, part of old donation lot number one hundred and fifty-nine (159), in the same township and range, containing fifty acres.

"Also, forty feet off the west side of lot number 35 * * * and twenty feet off the east side of lot number 34, in Washington.

"Also, lot number 14, in Washington.

"All situate in Daviess county, Indiana.

" I further will and direct that all my personal estate, of whatever nature, at my decease, shall go to said Charity Lodge No. 30, except the iron safe and gold watch, which I dispose of as follows : The iron safe to go to my brother, John R. Cruse, during his life, and at his death it shall be the property of Charity Lodge No. 30, of," etc. ; " and the gold watch which I now own * * * my brother, John R. Cruse, is to have during his life, and at his death I desire that it shall pass into the hands of some one of Seth Roddick's family ; and except I will and bequeath to my beloved father, Philip Cruse, two notes which I hold against Jones & Cruse, * * * and the

furniture at his residence, which belongs to me; and to my brother, John R. Cruse, I give and bequeath * * * my * * * gun and revolver and fishing tackle.

"My object in thus bequeathing my property and worldly effects to the Masonic fraternity is for the purpose of building a Masonic Lodge in the town of Washington, Daviess county, to wit, on the Bradford lots, fronting Main street, in Washington, * * * and I desire that when said lodge shall be built, that it shall front Main street sixty feet, and run back the depth of said lots, or as the building committee may direct, and that a hall of ten or twelve feet be run through the center, leaving a business room on each side of said hall, and that said building shall be made of brick, and shall be as many stories high as the building committee hereinafter named may deem proper.

"And I further desire that said building committee or trustees shall use their discretion as to what time they shall think proper to commence said building.

"And I further desire that said building committee shall sell and dispose of any of the property, either personal or real, heretofore bequeathed, except the lot hereinbefore named as a building lot for said lodge, and that is not on any account to be sold or conveyed away for any other purpose than that hereinbefore stated.

"And for the purpose of carrying out my desire as before stated, I do hereby appoint my friends, Dr. Samuel W. Peck, William Helphinstine, William Meredith, Joseph E. Thompson, and John S. Berkshire, trustees, or a building committee, for said purpose; and in case any of the above-named committee shall refuse to act as such trustee, then the Lodge shall have power to appoint some other person, one of its members, to fill such vacancy.

" Item 5th.—I appoint," etc., "executor," etc.

It is contended by the appellants, that there were no sufficient trustees appointed by the will to take the ground in question and protect the use; and that " Charity Lodge No. 30 " was not a corporation or association of persons capable of taking

and holding the lands in controversy as devisees. And these are the main questions to decide in this case.

In the case of *Grimes' Ex'rs* v. *Harmon*, 35 Ind. 198, the following principles were settled:

1. Neither the *cy pres* nor the prerogative power, as possessed by the courts of chancery in England, belong to the courts of this State.

2. The Statute of Uses, 43 Elizabeth, is not in force in this State.

3. Independent of that statute, the courts in this State have full and complete jurisdiction over uses and trusts.

4. To constitute a charitable use, there must be a donor, a trustee competent to take, a use restricted to a charitable purpose, and a definite beneficiary.

5. When trustees capable of taking the estate have been appointed originally, the court will supply any defect which may arise from the death or disability of the trustees, or their refusal to act, by appointing other trustees in their place.

6. A devise or a grant to a corporation or to a person or persons, either by name or so described that they can be readily ascertained, for a definite and specific use, is good at law.

The object of the testator, namely, "for the purpose of building a Masonic lodge" on the lots in controversy, devised for that purpose, is clearly expressed in his will.

He says: "And for the purpose of carrying out my devises as before stated, I do hereby appoint my friends Dr. Samuel W. Peck, William Helphinstine, William Meredith, Joseph E. Thompson, and John S. Berkshire, trustees, or a building committee, for said purpose."

And, in another clause, he states: "And I further desire that said building committee shall sell and dispose of any of the property, either personal or real, heretofore bequeathed, except the lot hereinbefore named as a building lot for said lodge, and that is not on any account to be sold or conveyed away for any other purpose than that hereinbefore stated."

We do not concur in the construction of the will contended for by the appellants, that although the persons named were

trustees to sell the other property and build the lodge, yet they were not trustees of the lot in controversy. We think the intention of the testator was otherwise. The lot must have been within the trust before it could be excepted from the power to sell under the trust. Besides, to make them trustees to sell the other property and build the lodge on the specific lot bequeathed for that purpose, by a fair construction, especially under the liberal rule applicable to wills, would make them trustees for the lot also. Any other construction would defeat the expressed intention of the testator.

We think there were competent trustees appointed by the will to take the title of the lot and preserve the use during their lives; and this being the case, the courts will supply other trustees, if the preservation of the trust should require it; " for equity never wants a trustee, and if the limitation to the trustee is void on any ground, the court will appoint new trustees, where the trust itself is unexceptionable." O'Hara Wills, 394; *Grimes' Ex'rs* v. *Harmon, supra; Beall* v. *Fox,* 4 Georgia, 404.

" Charity Lodge No. 30" was organized according to the act of February 10th, 1831, which act was continued in the revised statutes of 1838, and substantially re-enacted in the statutes of 1843, pp. 394, 399, which were in force when the will was made, and at the time the testator died.

Section 35, R. S. 1843, provides, that " whenever any persons, congregation, religious society, or church, shall desire to purchase or receive by grant, devise, or donation, any town lots or lands not exceeding in quantity one hundred and sixty acres, for the purpose of erecting thereon any school-house, meeting-house, or church, or any building to be used and employed for educational, literary, or scientifical purposes, it shall be lawful for such persons, congregation, society, or church, to elect not less than three nor more than five trustees, who shall possess the powers, exercise the offices, and perform the duties hereinafter required."

By section 55, " the rights, privileges, benefits, and immunities, hereby granted and extended to congregations and relig-

ious societies, are hereby extended to the Grand Lodge of Indiana, and to the several lodges which now are or hereafter may be subordinate to such grand lodge."

Section 56 declares that the grand lodge and subordinate lodges, " taking to themselves such name and number as have been or may be assigned to them by the Grand Lodge of Indiana, shall be able and capable in law to purchase, have, hold, receive, enjoy, and retain to themselves in perpetuity, or for any term of years, any lands, tenements, or hereditaments, of what kind or nature soever, not exceeding in real estate one acre of ground, together with the improvements thereon."

" Charity Lodge No. 30 " was organized under this statute, and kept up its organization, as is admitted in the agreed statement of facts. But the appellants claim that, because it does not appear that trustees were ever elected, according to section 35, it is not a corporation, within the meaning of the act, and therefore not capable in law of taking the land by devise.

As a devise in trust for the use of a lodge of freemasons has been held, without a statute, to be a devise for charitable uses, and as the statute of 1843, under which " Charity Lodge No. 30 " was organized, places lodges on the same footing in this respect with churches, congregations, schools, etc., which have always been held to be objects of charitable uses, and as competent trustees had been appointed by the will to protect the trust, it was not necessary that " Charity Lodge No. 30 " should have been a corporation *de jure,* clothed in the full panoply· of law, to enable it to become a beneficiary under the will. If it was a *quasi* corporation, or a corporation *de facto,* or an organization of persons having a name by which they could be identified, it is sufficient for that purpose. O'Hara Constr. Wills, 45-53 ; *Grimes' Ex'rs* v. *Harmon, supra; Bartlett* v. *Nye,* 4 Met. 378 ; *King* v. *Woodhull,* 3 Edw. Ch. 79 ; *Williams* v. *Williams,* 4 Seld. 525 ; *Wright* v. *Trustees Methodist Church, etc.,* 1 Hoffm. 202 ; *McIntire Poor School* v. *Zanesville Canal Co.,* 9 Ohio, 203 ; *Barilet* v. *King,* 12 Mass. 555 ; *Beall* v. *Fox,* 4 Ga. 404 ; *King* v. *Parker,* 9 Cush. 71.

The appellants cite the Grimes case, *supra,* in support of

their argument. That case and this are alike in principle, but unlike in the certainty of the objects to which the principle was applied. In that case, the trustees were " the orthodox protestant clergymen of Delphi," and the beneficiaries, " colored children, both male and female." It is impossible for a human tribunal to decide who are " orthodox protestant clergymen." And the testator did not inform us, and left us no clue to his intention as to what " colored children " he meant to be his beneficiaries—whether the "colored children" of Delphi, of Carroll county, of the State of Indiana, of the United States, or of the entire colored race. The devise therefore failed, because the court could neither ascertain the trustees nor the beneficiaries. In this case, the trustees are described by name, and can be ascertained with certainty; and the beneficiary, if not a corporation *de jure*, *de facto*, or even *quasi*, is an organization of persons having a distinct name. There can be no reasonable doubt of their identity.

Whether the lodge could have taken the lands directly, without the appointment of trustees in the will, is a question not before us, and therefore not decided.

The appellants also insist that the act of 1843 was repealed, both expressly and by implication, prior to the death of the testator.

We are of a different opinion. It seems plain to us that the act of 1843 is among the exceptions made in the first clause of section 1 of the repealing act, and is embraced in the words, " Acts of incorporation, and acts amending the same." 1 G. & H. 534. The title of the chapter in the revised statutes of 1843, p. 387, is " Of Private Corporations," and embraces the corporations of towns, churches, schools, masonic lodges, burying grounds, libraries, and agricultural societies. We cannot hold this statute as repealed by the act of June 18th, 1852, above cited. It is not therein expressly named, and a repeal by implication is not favored in law, especially where rights have supervened. *The Water Works Co.* v. *Burkhart*, 41 Ind. 364.

It is further urged by the appellants, that the entire will is void, because it devises directly to " Charity Lodge No. 30 "

a large amount of property, real and personal, over and above the amount of land which the lodge may lawfully hold for its own use, to wit, one acre, with the improvements thereon, and over and above the amount of personal property it may hold for its own use, by section 46 of the act of 1843, to wit, five thousand dollars. It must be remembered, however, that the will itself declares the object of the testator in making the devise to be " for the purpose of building a Masonic lodge" on the reserved lot, less than an acre, and appoints the trustees by name to execute the trust, with power to sell all the property, except the lot on which the lodge is to be built, for the expressed purpose. This gives sufficient title to the trustees to execute the trust, and preserve the use.

In equity, property to be converted into money is already money; and, while section 46, above cited, limits the lodge, in personal property for its own use, to five thousand dollars, yet the law nowhere limits the trustees in the amount of property they may reduce to money for the purpose of building the lodge. O'Hara Wills, 401–414, and authorities *supra.*

The judgment is affirmed.

### On Petition for a Rehearing.

BIDDLE, J.—The petition for a rehearing in this case is elaborate and forcible, far more exhaustive of the subject than the original brief. For its ability we commend it, but suggest that the result of the labor bestowed upon it ought to have been brought before us when the cause was submitted. It adds greatly to the burdens of this court to first tax its industry and experiment upon its opinions, and then, when not satisfactory, to afterwards present the case. The labor necessary to be bestowed on this petition is equal to that at first required in the examination of the record. Thus our work has to be done twice. Nevertheless, we have given the petition full and careful consideration, and have deliberately reconsidered the opinion pronounced. After all our labor, we are still satisfied with the judgment rendered, and overrule the petition.