DeBruler et al. *v.* Ferguson, Administrator.

Will.—*Charitable Uses.*—*Certainty as to Trustees and Beneficiaries.*—*Action to Revoke Probate of Will and Declare it Void.*—The will of a deceased testator devised certain property, specifically described, to certain persons, therein named, as trustees to control such property and apply the rents and profits thereof to the support, by weekly instalments not exceeding a certain specified sum to each, of poor widows having no certain income and women whose husbands had abandoned them unprovided for and without just cause, of the age of fifty years and upward, and of irreproachable character, having had a residence for not less than a certain time, fixed, within a specified distance from a certain town, named.

*Held,* on demurrer to a complaint by the administrator of the estate of the testator's deceased widow, to revoke the probate of such will and declare it null and void, that such will is certain as to the appointment of such trustees, and as to the beneficiaries thereof, and creates a valid trust.

From the Pike Circuit Court.

*J. S. Denny, C. S. Denny* and *J. H. Miller,* for appellants.

*W. H. De Wolf* and *G. G. Reily,* for appellee.

Howk, J.—In this action, appellee was the plaintiff and appellants were the defendants, in the court below.

Appellee's complaint alleged, in substance, that on the — day of ——, 1855, one George Dean died, the owner of a large amount of personal property of great value, to wit; railroad bonds, promissory notes, accounts, moneys and other personal property, of the value of ten thousand dollars, a bill of particulars of which was filed with and made part of said complaint; that said George Dean left surviving him his widow, Eunice Dean, as his only heir at law; that subsequently said Eunice Dean duly executed her will, by which she devised all of her property to certain persons named; that subsequently, on the — day of March, 1861, said Eunice Dean died, leaving her said will in full force; that subsequently her said will was duly admitted to probate in the clerk's office of the court of common pleas of Pike county, Indiana, and the same remained in full force; that subsequently, and before the commencement of this suit, the appellee had been duly appointed administrator with the will annexed of the estate of said Eunice Dean, deceased; that on the — day of September, 1855, there was an alleged last will and testament of said George Dean, deceased, produced before the clerk of said court of common pleas of said Pike county, and certain proofs of its execution being then and there made to said clerk, the same was admitted to probate; that afterwards, on the 7th day of June, 1869, the appellants appeared in said court of common pleas of said Pike county and on their motion were appointed trustees under said alleged will of said George Dean, deceased, by said court; that thereupon the appellants qualified as such trustees by filing a penal bond in the sum of ten thousand dollars, payable to the State of Indiana, conditioned that they would faithfully and honestly discharge their said trust; that prior to the appointment of appellants as such trustees, one Temple Woolsey had been for a long time and was then acting as trustee of said alleged will; that during the time said Woolsey had been acting as such trustee, he had taken into his possession the said personal

property of which said George Dean had died possessed, and had loaned said moneys and had collected, to wit, five hundred dollars, interest thereon; that said Woolsey had collected the moneys due on said notes and accounts, and loaned the same and derived and realized therefrom, to wit, three thousand dollars, profits; that when appellants were appointed such trustees, they received from said Woolsey said several sums of money and other moneys and notes, the particulars of which appellee could not give; that appellants, ever since they received said sums of money, have kept the same bearing the same interest, and have realized therefrom as interest, to wit, two thousand dollars; and a copy of said alleged last will of said George Dean, deceased, was filed with and made part of said complaint. And appellee averred that the appellants had no other interest or title in or to said property or moneys so held by them, except the supposed trust created by said alleged will of said George Dean, deceased; that said alleged will of said George Dean, deceased, was null and void for these reasons,—

First. Because it was too vague and indefinite to be executed; and,

Second. Because said will did not constitute or create a trust that could be carried out.

And appellee demanded judgment that said supposed will of said George Dean, deceased, might be declared null and void, and that said property and moneys might be delivered up to appellee, that an account might be taken of said moneys and property, and that he might have judgment against the appellants for ten thousand dollars, and for general relief.

The will of George Dean, deceased, and the codicils thereto were duly admitted to probate in the proper court of said Pike county, Indiana, on the 10th day of September, 1855. We will set out at length so much of the said will and codicils as seem to be material and of service in the proper decision of this cause.

In his last will, after formally revoking all former wills and codicils by him made, said George Dean said as follows:

"Being desirous that my estate shall not be consumed in the process of administration, by passing through the probate court of the county, I give and bequeath to Temple Woolsey, James Hilburn and Hugh Shaw all my estate, real, personal and mixed, and wherever situate, in trust and upon condition, and for the purposes following, to wit:"

The first item and all of the second item, except so much of the latter as related to the testator's widow, Eunice Dean, now deceased, of whose estate the appellee is administrator, we omit as having no connection with this suit. In the latter part of said second item, in making provision for said Eunice Dean, his future widow, the testator, George Dean, said:

"In a former will, now revoked, I had, in the presence of my wife, Eunice Dean, bequeathed to her something over three thousand dollars; with this she appeared quite satisfied. Since that the laws of Indiana, (and they are good laws,) have made such ample provision for the widow, that such bequest becomes quite unnecessary; and considering that my estate, after all debts are paid, to be worth over sixteen thousand dollars, she will be entitled to something like four thousand three hundred dollars, by law. This provision, made by the law of the State, will make her independent and comfortable for life. This property she obtains in fee-simple, and therefore will enable her well to provide for her daughter, Martha Ann Heacock, with a convenient share for all her other children, not forgetting the fatherless children of the late Clinton Heacock. Now, it is my particular desire that no subsequent laws of the State shall alter, disannul or deprive my said wife, Eunice Dean, of what the existing laws of the State now provide for her.

"Third. I direct my said trustees, Temple Woolsey,

James Hilburn and Hugh Shaw, to nominate and appoint the other trustees, who shall be men of good standing, residing in Patoka township, thus forming a complement of five trustees, who are hereby directed by me to apply the interest, rents and profits of all I possess, real, personal and mixed, or shall possess at the time of my decease, to the institution of a charity to be called The Winslow Charity; and I direct that in the event of the death, inability or resignation of either of the five trustees, another be appointed, so as to keep up the number to five trustees, all of which are to be men of good standing and residing in Patoka township.     This Charity, as above named and established, and recorded of the county, shall be for the sole relief and benefit of poor widows over the age of fifty years, of irreproachable character, who have resided, not under three years, within eight miles of the town of Winslow, and who have no certain income,— such shall be deemed objects of this charity.    Women whose husbands have left them unprovided for and without any just cause, and who are of the age of fifty years, of irreproachable character, and have resided, not under three years, within eight miles of Winslow, shall also be deemed objects of this charity.    I therefore direct my trustees, Temple Woolsey, James Hilburn, Hugh Shaw and their contemporaries, to pay to each object of this charity, (as far as funds will allow, of the interest, rents and profits,) not over one dollar and fifty cents, weekly; that in the event of a growing accumulation of funds for want of just claims, said trustees shall have the power to erect suitable tenements, with a little garden to each, for the occupation of any of the objects of said charity, rent free.    Should anything arise in the character and conduct of any of the objects of this charity, and that after a thorough and impartial investigation of the matter, the trustees shall deem it prudent to discontinue the allowance,   *   *   *   they may exercise that authority."

By the first codicil to his will, the testator, George

Dean, expressed his desire that the one hundred and eighty-six and one-half acres of land particularly described therein be set apart for the purpose of said charity, never to be sold, but be connected with and form a part of the charity expressed in his will, and that it be called the "Charity Farm." "My trustees pro tem. are to keep up the farm always in good repair, and make the most of it for the benefit of said charity expressed." He then expressed his desire that said Hugh Shaw should not act as one of the trustees of said charity, on account of the marriage of two of said Shaw's daughters with the Heacock family; and he named two persons, one of whom was to be trustee in the place of said Shaw, which ever one his two other trustees might appoint. And the testator closed this codicil by expressing his particular desire that if any part of said codicil should affect or set aside any part of his will, except the changing of the trustee, the codicil might be set aside entirely and made null and void as if it had never been made at all.

By the second and last codicil to his will, the testator merely made some changes in the trustees of said charity, and gave his reasons for doing so.

The appellants demurred to appellee's complaint, for want of sufficient facts therein to constitute a cause of action, which demurrer was overruled by the court below, and appellants excepted to this decision.

To appellee's complaint, the appellants then answered in seven paragraphs, as follows:

1. That appellee's action was not commenced within three years after the admission to probate of the said last will of said George Dean, deceased;

2. That as to the personal property mentioned in his complaint appellee's cause of action did not accrue within six years before the commencement of this action;

3. That appellee's cause of action in this suit did not accrue within fifteen years before the commencement of this action;

The fourth, fifth and sixth paragraphs of appellants' answer, each, stated special matters of defence, which we need not set out; and the seventh paragraph of said answer was a general denial.

Appellee demurred to the first, second, third, fourth, fifth and sixth paragraphs of appellants' answer, and to each of said paragraphs separately, for the want of sufficient facts in either of the said paragraphs to constitute a defence to the action; which demurrer, as to each of said paragraphs, was sustained by the court below, and appellants excepted.

And the action being at issue on the general denial was tried by the court below, without a jury; and the court found, among other things, that the trust created by the will of said George Dean, deceased, was invalid and incapable of execution, and that said will was void in so far as it attempted to create said trust in favor of certain women therein mentioned; and judgment was rendered accordingly by the court below.

In this court, the appellants have assigned as alleged errors the several decisions of the court below, in overruling their demurrer to appellee's complaint, and in sustaining appellee's demurrer to the first, second, third, fourth, fifth and sixth paragraphs, respectively, of appellants' answer.

It is very evident, from the record of this cause and from the brief of appellee's attorneys, that this action had its origin in and was decided by the court below on account of the decision of this court in the case of *Grimes' Ex'rs* v. *Harmon,* 35 Ind. 198. Evidently, the appellee's counsel discovered, or thought they did, a close resemblance, bordering almost on identity, between the facts of the case cited and those of the case at bar. And yet, the material facts of the two cases, in their legal aspects, are as wide apart as the poles. The two cases are utterly dissimilar, in every material particular.

In the Grimes case, *supra,* the trustees named in the

will were "the orthodox protestant clergymen of Delphi;" and it was well said by BUSKIRK, J., in announcing the decision of that case, (p. 210,) by this court; "In what manner, and upon what proof, is the court to determine who is orthodox, and who is heterodox? The testator has not established any standard or test by which the court should be governed in determining the question. It is quite obvious that all protestant denominations are not orthodox, for they widely differ from each other upon the most vital and essential principles of the Christian faith. The various protestant denominations do not regard each other as orthodox." And so, in the case cited, it was held by this court, that there was such uncertainty as to the trustees named in the will, as would of itself avoid the trust therein and thereby created.

But in the will now under consideration, the trustees named by George Dean, the testator, were natural persons, about whom, or their capacity to accept the trust, there was not and could not be any doubt or uncertainty. And it was decided in the Grimes case, *supra*, (p. 204,) "that where trustees capable of taking the legal estate were originally appointed, so that a valid use was in the first instance raised, and the case was thus brought within the jurisdiction of the court of chancery, that court * * * would supply any defect which might arise in consequence of the death, disability, or refusal of the trustees to act, by appointing new trustees in their place." And this doctrine was again recognized by this court, in *Cruse* v. *Axtell*, 50 Ind. 49.

In the Grimes case, *supra*, the *cestuis que trust*, or beneficiaries, of the trust created, were described as "colored children, both male and female," without limit as to either name, number or locality. There was, in fact, no limitation of any kind in the will, as to the beneficiaries, except that they should be children, and should also be colored. And if it had been said that in this country the phrase, "colored children," has a local significance, applicable

only to negro children, or children of African descent, still such children were to be found in every quarter of the habitable globe, and were as numerous almost as "the sands upon the sea-shore." In that case, it was properly held by this court, that where it is impracticable to ascertain the beneficiaries and to distribute the proportionate share of such fund to each of such beneficiaries, and where, in such case, the trustees have no discretionary power to select the beneficiaries from the class named,—the devise and bequest are void for vagueness and uncertainty.

But in the case now under consideration, there is neither vagueness nor uncertainty, of any kind, as to the subjects of George Dean's charity; and we may remark, parenthetically, as the opinion of this court, that George Dean could not have selected more worthy and appropriate subjects of his charity. They were "poor widows", and "women whose husbands had left them unprovided for and without any just cause," of or over "the age of fifty years, of irreproachable character, who have resided, not under three years, within eight miles of the town of Winslow, and who have no certain income, * * * such shall be deemed objects of this charity." This was George Dean's own language, in defining, in his last will, the objects of his proposed charity; and surely it can not be said, with any degree of truth or accuracy, that there is, in this language, either vagueness or uncertainty as to the *cestuis que trust*, or beneficiaries, of the trust created in and by his said will. The testator could not well have defined the objects of his proposed charity by more apt, direct and certain language, than he has used in his will. Their sex, their age, their character, their condition and circumstances in life, and their residence within a prescribed and limited scope of teritory, for such a fixed number of years as would show their residence therein to be *bona fide*, are all specified and laid down with certainty and precision. The *cestuis que trust*, or beneficiaries, in the

language of the will, must "have resided, not under three years, within eight miles of the town of Winslow."

In the case of *Craig* v. *Secrist, ante,* p. 419, decided at the present term, where a devise had been made to the county of Owen, trustee, "for the education of the colored children of Owen county, Indiana," this court held, that the devise was not void for uncertainty as to the *cestuis que trust,* or beneficiaries. In the case at bar, the scope of territory, within the limits of which the *cestuis que trust,* or beneficiaries, must have resided, is much smaller than Owen county.

In our opinion, the trust created by the last will of George Dean, deceased, was neither invalid nor incapable of execution; and, of course, that his said will was not void, in so far as it attempted to create said trust in favor of certain women therein mentioned. And we hold, as the logical sequence of our opinion, that the court below erred in overruling appellants' demurrer to appellee's complaint in this action.

Other questions are presented, by appellants' assignment of alleged errors, as to the decisions of the court below, in sustaining appellee's demurrer to the several paragraphs of appellants' answer; but as we hold that the trust created in and by the last will of George Dean, deceased, is a valid trust, and one that can and ought to be enforced,—thereby virtually deciding that appellee has no cause of action against said appellants, we deem it unnecessary for us to consider or decide any questions as to the sufficiency of either of the said paragraphs of said answer.

The judgment of the court below is reversed, at the costs of the appellee, and the cause remanded, with instructions to the court below to sustain appellants' demurrer to appellee's complaint, and for further proceedings in accordance with this opinion.