The Board of Comm'rs of Lagrange Co. *et al.* v. Rogers *et al.*

THE BOARD OF COMM'RS OF LAGRANGE CO. ET AL. *v.*
ROGERS ET AL.

WILL.—*Charitable Uses.—Devise to County.—Capacity of County to Take.—
Beneficiaries.*—A testator devised "to the commissioners of" a certain
county, "and to their successors in office, forever,  *   *   *   in trust and
for the use and benefit of the orphan poor, and for other destitute persons,
of said county," all his real estate therein; and also, in like manner, for
the support and education of such persons and for the improvement of
such real estate, all his "other property of every description;" directing
that the latter be converted into money, by executors named, and, after the
payment of debts, etc., the residue to be paid over to such devisee; and
also directing that such real estate should never be sold, but be retained
forever as a home for such persons. In an action instituted by the heirs
of the testator, to set aside such will and obtain an order on such execu-
tors to pay to the plaintiff the proceeds of such "other property,"—
*Held,* that such devise is valid.
*Held,* also, that such county has the legal capacity to take and execute
such trust.
*Held,* also, that such devise is sufficiently certain as to the beneficiaries
thereof, and is one that can be executed.
SAME.—*Court of Chancery.—Statute of Elizabeth.*—A court of chancery has
power, independently of the statute of 43 Elizabeth, to cause a devise for
charitable uses to be upheld and executed.

From the Lagrange Circuit Court.

*A. Ellison* and *A. A. Chapin*, for appellants.

*J. D. Ferrall* and — *Morris*, for appellees.

PERKINS, J.—The appellees filed, in the Lagrange cir-
cuit court, on the 19th day of October, 1874, their
amended complaint against the appellants, in which the
following facts are stated:

That Daniel Rogers, on the 17th day of March, 1868,
made his last will and testament in the county of La-
grange, State of Indiana; that he died on the — day of
February, 1871, in said county of Lagrange, leaving no
wife, father or mother, or brothers and sisters, except the
plaintiff Susan Webster; that plaintiffs are next of kin,
and are his heirs at law, and that decedent died the owner
of real estate in Lagrange county, of the value of ten

thousand dollars, and personal property of the value of ten thousand dollars; that said will has been duly probated, and letters of administration issued to the defendants Nelson and Howard, who are named as executors in the will, and who have qualified, taken possession of the property of the testator, converted the personal estate into money, paid all the debts, and are about to pay the residue of the money over to the defendant the board of commissioners of Lagrange county, in accordance with the provisions of the will, a copy of which is filed with the complaint.

It is averred that the said devises and bequests, in said will contained, are void.

The prayer of the complaint is, that the bequest and trust in said will be declared void, and the plaintiffs be admitted to the enjoyment of the property, as the heirs at law of the decedent; that the executors be required to pay to them the money arising from the personal estate; and that the board of commissioners be enjoined from further interfering with said estate.

The appellants filed a demurrer to the complaint, which was overruled, and an exception reserved. They then answered by a general denial, and trial was had, and a finding by the court in favor of the appellees. A motion in arrest of judgment was then made, which was also overruled, and an exception taken, and judgment rendered in accordance with the prayer of the complaint, from which an appeal is taken by all the defendants below, to obtain a reversal of the judgment.

The errors assigned are, the rulings upon the demurrer to the complaint and the motion in arrest of judgment, which present really the same questions.

A copy of the will follows:

"I, David Rogers, of Clear Spring township, in the county of Lagrange, in the State of Indiana, do publish this, my last will and testament, in manner following, to wit;

"Item 1. I give and devise all of my real estate lying in said county of Lagrange, to the commissioners of the county of Lagrange aforesaid, and their successors in office, forever, in trust, however, for the uses and purposes hereinafter expressed, to wit; in trust and for the use and benefit of the orphan poor, and for other destitute persons, of said county, and I direct that said commissioners and their successors do retain said lands, and so improve and use the same as shall best secure the benefits of a home thereon, and a support and education therefrom, for said poor and destitute persons.

"Secondly. I give, devise and bequeath all of my other property of every description to said commissioners and their successors in office, forever, in trust, to be converted into money and used and invested as they, the said commissioners, shall think the most conducive to aid in the improvement of the lands first hereinbefore mentioned, and in the support and education of said poor and destitute persons. It is my will that the lands first hereinbefore mentioned shall be forever retained by said commissioners and their successors, for the purposes aforesaid, and that no portion thereof be sold or transferred, but that the same shall be forever kept, and known as the David Rogers Home, for the support and education of the orphan poor of Lagrange county, Indiana.

"I hereby appoint Dresden W. H. Howard, of Wauseon, Fulton county, Ohio, and Erastus Nelson, of Clear Spring township, Lagrange county, Indiana, executors of this, my last will, and I direct, that, after my just debts and funeral expenses are paid, they proceed to reduce and convert all my property, except the real estate in Lagrange county, aforesaid, into money, and, after deducting their reasonable charges, that they pay the balance to said commissioners, to be used by them as above directed."

It is claimed that the devises in this will are void.

1st. Because the county, the trustee created by the

will, is incapable in law to accept and execute the trust. This objection is answered by the case of *Craig* v. *Secrist*, 54 Ind. 419, at this term.

2d.    Because the trust is incapable of execution, and the beneficiaries of it too uncertain.

The same objection was made to the trust created by the will of George Dean, in the case of *DeBruler* v. *Ferguson*, 54 Ind. 549, at this term, a case involving the validity of the trust created by that will, a case directly in point as a precedent to this case, and the objections to the trust, in this case, are answered in the opinion delivered on the decision of that case.    The opinions in both the above cases, delivered by HOWK, J., settle every point made in the present case so clearly, that it would be pretentious in us to attempt to add to, in the hopes of strengthening, them.

We do, however, avail ourselves of the opportunity of showing that the decisions in these cases are supported by another authority in our State, and one entitled to the highest respect.    It is the case of *M'Cord* v. *Ochiltree*, 8 Blackf. 15.

It will be borne in mind that the cases at the present term are decided without the aid of the statute of 43 Elizabeth, that statute not being in force in this State, according to the decision in the case of *Grimes' Executors* v. *Harmon*, 35 Ind. 198.

It will also be borne in mind, that, in each of these cases, a trustee, capable of taking and executing the trust, is named in the will, and has not declined the trust.

As we have already intimated, the decisions in the cases of which we are speaking rest upon the legal proposition, that the court of chancery has power, independently of the statute of Elizabeth, to uphold charitable devises, such as those are in the cases mentioned.    Does the case of *M'Cord* v. *Ochiltree* support them?    The case originated in a question or controversy arising upon a clause of

the will of John Ochiltree, who died in 1840. Among other bequests he made the following:

"After paying all the foregoing bequests, I give and bequeath unto the theological seminary at South-Hanover, in the State of Indiana, all the remainder of my estate, to continue a permanent fund, and the interest to be applied to the education of pious, indigent youths who are preparing themselves for the ministry of the Gospel, and those only who strictly adhere to the Westminster confession of faith in its literal meaning."

The trust, created by the above provision of M'Cord's will, was sustained, and it was held by the Supreme Court of Indiana, that a court of chancery could cause it to be executed, independently of the statute of Elizabeth.

It will be observed that no territorial limits are prescribed by the will, within which the beneficiaries are to be selected.

Dewey, J., in his opinion says:

"The legacy in controversy is void at law, because the objects of the testator's benevolence—pious, indigent youths preparing for the ministry of the Gospel according to a particular standard of faith—are too vaguely indicated to enable them to take the legacy without the interposition of a trustee; and because there was, at the death of the testator, no existing trustee capable of executing the trust intended to be created by the will. The theological seminary, being at that time an unincorporated society, could not execute a trust of that character, being the application of a permanent fund to a particular purpose, for the want of succession."

Citing many authorities, he says:

"The English court of chancery, however, as we shall show, would give effect to such a legacy as a charitable trust."

The learned and able Judge then proceeds to show that the courts in Indiana possess chancery powers, "in addition to the usual jurisdiction of a court of equity, of

taking cognizance of and protecting the persons, rights, and property of infants, idiots, and lunatics, and of superintending and enforcing charities.    *    *    *    *    *

"It is now well established (contrary to the opinions of distinguished chancellors and writers heretofore entertained), that the English court of chancery possesses an inherent jurisdiction which it has always exercised to enforce and effectuate charities, which at law were illegal or informal gifts. *Vidal et al.* v. *Girard's Ex'rs*, 2 Howard, 127, and the authorities there cited. But since the passage of the statute of the 43 Elizabeth, c. 4, commonly called the statute of charitable uses, the decisions have been founded principally upon that act; and the jurisdiction has been considered as confined to the charities therein enumerated, or to those which by analogy are within its spirit and intention.    *    *    *    It may therefore be proper, though it is not absolutely necessary to the decision of this cause, to inquire whether that statute is in force in this State."

Here the Judge enters upon that inquiry, and comes to the conclusion that that act is in force in this State. This part, and this part only, of Judge Dewey's opinion, a part not material to the decision of the cause he was then considering, is overruled by the case of *Grimes' Ex'rs* v. *Harmon, supra.* The opinion in the case in Blackford, *supra,* next proceeds to demonstrate that the trust created, or attempted to be, by the will of John Ochiltree would be upheld and executed in chancery, independently of the statute of Elizabeth.

"That the English court of chancery will sustain, as a charity, a gift void at law, is established by numerous decisions. It will be necessary to quote but a few of them." We omit the part of the opinion which follows, till we come to the notice in it of the case of *The Baptist Association* v. *Hart's Executors*:

"This case so far as it decided that the English court of chancery had no power to execute a charity, void at

law, independently of the statute of Elizabeth, was overruled by the case of *Vidal* v. *Girard's Ex'rs, supra,* in which, after a very full review of all the authorities, it was held, 'That there is an inherent jurisdiction in equity in cases of charity, and that charity is one of those objects for which a court of equity has at all times interfered to make good that which at law was an illegal or informal gift; and that cases of charity in courts of equity in England were valid independently of and previously to the statute of Elizabeth.' Had such been the opinion entertained by the court in the case of *The Baptist Association* v. *Hart's Executors,* there can be no doubt that the legacy in that case would have been sustained as a charity. Our opinion is that the legacy under consideration, though void at law for the want of trustees capable, at the death of the testator, of taking or executing the trust, and on account of the vague indication of the objects of the charity, is valid as a charity, both in reference to the statute of Elizabeth, and to the law of charities in a court of equity as it stood before the passage of that act."

The judgment below is reversed, with costs; cause remanded with instructions to proceed in accordance with this opinion.