Haines *et al.* *v.* Allen *et al.*

No. 8539.

HAINES ET AL. *v.* ALLEN ET AL.

WILL.—*Charitable Trust.*—*Intoxicating Liquors.*—A bequest in a will, devising to the trustees of a certain organized church, having trustees, and to their successors, $1,000, to be put at interest, and the interest to be appropriated annually to the suppression of the manufacture, sale and use of intoxicating liquors, and providing that if said trustees failed for two successive years to use the interest as directed, then the whole bequest should go to the heirs of the testator, is valid.

From the Spencer Circuit Court.

*D. T. Laird* and *W. H. Thomas*, for appellants.
*I. S. Moore* and *T. F. DeBruler*, for appellees.

BICKNELL, C. C.—The last will of James D. Allen contained the following provisions:

"Item 2. I will and bequeath to the Trustees of the Methodist Episcopal Church, now organized in Rockport, Indiana, and to their successors in office, $1,000, to be put at interest, and the interest to be applied, annually, to the payment of the salary of the preacher in charge at the time.

"Item 3. I will and bequeath to the aforesaid trustees, $1,000, to be put at interest, and the interest to be appropriated, annually, to the suppression of manufacturing, selling or using of intoxicating liquors. Now, should the said trustees refuse or neglect for two successive years to use the above named interest as directed, in either or both cases any one of my legal heirs shall have the right to draw out both principal and interest, and divide it equally between my heirs.

"Item 8. I will that the trustees, heretofore designated, shall superintend the carrying out of this will, and the winding up of my estate, by electing one of their body as executor; but if none of their body be willing to serve, then for them to agree on some good man, outside of their body; then after the said trustees have selected an executor, it is my will that they, as a body, shall continue to see that the will be fully and faithfully carried out."

The will was dated March 16th, 1878; the testator died August 1st, 1878. At those dates the trustees of the Methodist Episcopal Church, in Rockport, were Lewis G. Smith, John Bayse, James P. Bennett, James H. Willian and William H. Thomas. Of these John Bayse undertook to act as executor of the will, but he soon resigned, and Willis Haines was appointed administrator with the will annexed *de bonis non.* The testator died a widower without issue; his only heirs at law were his brothers and sisters, and his nephews and nieces.

These heirs at law, in October, 1879, brought this suit against the administrator *de bonis non* and the trustees, stating in their complaint the foregoing facts and claiming that the bequest to the trustees was void for uncertainty, and that the money belonged to the heirs; and they prayed that the probate of the will, as to said item 3, should be set aside and declared void, and that said administrator should be required, in settling said estate, to pay said $1,000 to the plaintiffs.

A demurrer to the complaint, for insufficiency of facts, was overruled, and, the defendants refusing to answer, final judgment was rendered against them upon the demurrer, that the third item of the will is void; that as to said $1,000 the testator died intestate, and that the plaintiffs are entitled to it, and that said administrator shall pay it to them in course of distribution.

From this judgment the defendants appealed. The only error assigned is overruling the demurrer to the complaint.

There is no brief on behalf of the appellees.

The complaint alleges that the will can not be carried into execution, because it does not define what are intoxicating liquors, nor authorize the trustees to do so; and does not point out how the money shall be used to secure the object of the bequest, and because, if the trustees should fail or refuse to execute the trust, there is no beneficiary named in the will, with power to require the enforcement of the trust.

These objections can not be sustained. The phrase " intox-

icating liquors" means liquors that will intoxicate; no definition of it is necessary.

The will need not point out any plan by which the objects of the bequest shall be accomplished. It is sufficient if the will appoints trustees, with power to appropriate the money in aid of the object named, in such manner as they shall think fit. *Whitman* v. *Lex*, 17 S. & R. 88; *Beekman* v. *Bonsor*, 23 N. Y. 298.

The will provides what shall be done, if the trustees fail to execute the trust, and where the bequest is for a general charity, such as a provision for a class of indigent persons, or for the suppression or alleviation of any of the forms of wretchedness and vice, and proper trustees are appointed to execute the bequest, it is not necessary that any individual beneficiary be named.

Preventing the use of intoxicating liquors, regarded as a means of promoting individual and social welfare, may be deemed a proper subject of charitable bequest, and whether the object shall be sought by the distribution of documents or by lectures, or by other reasonable and appropriate means, is a matter within the discretion of the trustees.

Where "certain and ascertainable trustees are appointed, with full powers to select the beneficiaries and devise a scheme or plan of application of the funds appropriated to the charitable object, the court will, through the trustees, execute the charity.

Where trustees capable of taking the legal estate were originally appointed, so that a valid use was in the first instance raised, and the case was thus brought within the jurisdiction of the court of chancery, that court will supply any defect which may arise in consequence of the death, or disability or refusal of the trustees to act. *Grimes' Ex'rs* v. *Harmon*, 35 Ind. 198. The following cases support the foregoing conclusions, and show that the will under consideration was valid. *DeBruler* v. *Ferguson*, 54 Ind. 549; *McCord* v. *Ochiltree*, 8 Blackf. 15; *Vidal* v. *Girard's Ex'rs*, 2 How. 127; *Cruse* v. *Axtell,*

50 Ind. 49; Craig v. Secrist, 54 Ind. 419; The Board, etc., v. Rogers, 55 Ind. 297; Ex parte Lindley, 32 Ind. 367.

The court below erred in overruling the demurrer to the complaint. The judgment of the court below ought to be reversed, and the cause remanded, with instructions to the court below to sustain the demurrer to the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to sustain the demurrer to the complaint.