[No. 6974.]

ROBBINS ET AL. v. COUNTY COMMISSIONERS OF BOULDER COUNTY.

1. **Wills—Construction**—Where a will makes a bequest upon a condition, the question whether such condition is precedent or subsequent is to be ascertained from the testator's language upon the subject, construed in the light of his purpose as disclosed in the will.—(614)

2. ——**Impossible Condition**—The testator, by his will, bequeathed a sum specified "for a hospital and home to be built in Boulder, county of Boulder, for the comfort of poor widows while sick and unable to care for themselves, providing the city

of Boulder, by its officers or the county commissioners and their successors in office, will support and maintain the same"; otherwise the legacy was directed to be divided among persons named. Held, that the words of the will manifest that the intention of the testator was that the condition prescribed was to be first performed before the gift should vest; that the condition was therefore a condition precedent.—(614, 615)

That the testator did not intend that his bequest should take effect upon an agreement for the maintenance of the hospital binding only the board, as it existed at the time of his death; but that, not only that board, but their successors to all time, should maintain the hospital; and that inasmuch as no board of commissioners was competent so to bind its successors, the bequest was void, because depending upon an impossible condition.—(615, 616)

3.  **Public Charities**—Held, further, in the same case, that the bequest could not be supported as a public charity, because the institution prescribed was not to be devoted to the public at large, but to a favored class.—(616, 617)

Campbell, C. J., was of the opinion that the bequest must fail for the further reason, that, while the beneficiaries, as a class, were sufficiently designated, no plan was prescribed by the will for the execution of the trust, no trustee appointed, and no provision made by which any trustee or trustees appointed to execute the trust could be vested with power to select and designate the individual beneficiaries; that the will being silent, it was not within the jurisdiction of equity to appoint a trustee and invest him with power to select from the class designated the particular beneficiaries, distinguishing Clayton v. Hallett, 30 Colo. 231.—(617-621)

4.  **County Commissioners—Powers**—The board of county commissioners possesses only such powers as are conferred upon them by the constitution and statutes, and such implied powers as are reasonably necessary to the proper execution of powers which are expressly granted.—(615)

Nothing in the statute (Mills' Stats., sec. 791; Rev. Stats., sec. 1204) authorizes the board to enter into an engagement binding the county to forever maintain a hospital, for the benefit of a particular class. Each board must in each year determine for itself what appropriation shall be made for public purposes, and levy the taxes necessary to meet them; and no board is competent to determine these matters for its successors, or limit their action in the exercise of governmental functions.—(616, 617)

And the county commissioners may not appropriate public moneys, raised by general taxation, to the maintenance of a

hospital over which the county has not complete control, or from which particular classes of the public are to be excluded.—(616, 617)

5. ——Act Only Collectively—County commissioners, in order to bind the county, or render their acts effectual, must act collectively, as a board.—(615)

6. Courts—Authority—A county court has no power to require the guardian ad litem of a minor to agree, in the receipt for a legacy, that the minor shall not contest the will. Such agreement does not estop the minor from insisting upon the true construction of the will, where he is summoned into court by others demanding a different construction.—(621, 622)

7. Contest of Will—Statute of Limitations—Receipt of Legacy—The board of county commissioners of the county brought an action, praying to be appointed trustees of a fund bequeathed by a testator for the purpose of establishing a hospital, upon certain conditions. Infant beneficiaries among those to whom the fund was directed to go, in case of non-performance of the condition, were the defendants. They appeared, and contested the validity of the bequest relied upon by the plaintiff. Held, that though more than one year had elapsed since the admission of the will to probate, these defendants were not precluded from demanding a construction of the clause of the will upon which plaintiffs relied; that such construction was made necessary by the plaintiffs' own action, and that the defendants were not barred by the limitation contained in the statute of wills (Laws 1903, c. 181, sec. 38; Rev. Stats., sec. 7096).—(622)

Nor by the receipt of a legacy under another clause of the will.—(621, 622)

*Error to Boulder District Court*—Hon. HARRY P. GAMBLE, Judge.

Mr. T. A. McHARG and Mr. CHARLES S. THOMAS for plaintiffs in error.

Mr. M. M. RINN for defendants in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

In the last will of Andrew J. Macky, of Boulder County, is this item:

"7th. I further give and bequeath to and for a hospital building and a home to be built in Boulder,

County of Boulder, and State of Colorado, for the comfort of poor widows and orphan children, while sick and unable to care for themselves, the sum of Fifty Thousand ($50,000) Dollars. Providing the City of Boulder, by its officers, or the County Commissioners and their successors in office, will support and maintain the same, otherwise the said $50,000 to revert back and the same to be divided up among the following legatees, to-wit, Lydia A. Snow, Jerome Macky, Alonzo Macky, Chauncy Macky, Celia B. Dickerson, Anna C. Walker, Mary Aldrich, Emma Aldrich, Cora Doyle, George Robbins, Elmer Robbins, Earl Harold Robbins, Lola Robbins and Monabelle Robbins, in proportion as their legacies herein mentioned bears to the said ($50,000) Fifty Thousand Dollars.''

The individual plaintiffs below, defendants in error here, describing themselves in their complaint as constituting the members of the Board of County Commissioners of Boulder County, brought this action and in their complaint alleged the execution and probating of Mr. Macky's will and that the Board of County Commissioners of Boulder County had complied with the condition of the foregoing bequest by accepting the same for the purposes and upon the conditions therein named, and, as stated in their prayer for relief, they asked to be appointed trustees of the legacy of $50,000 for the purposes set forth in the bequest. Among the defendants whom they summoned into court to answer the petition are the present plaintiffs in error, who are minors, to whom, among others, the bequest was to be divided in the event that neither the City of Boulder, nor the County of Boulder, should agree to support and maintain the hospital therein provided for.

The trial judge in his opinion, which has been brought up in the record, expressed grave doubt as

to the correctness of his judgment, but believing, as he did, that the testator intended to devote the sum of $50,000 to a worthy object, finally concluded that he would construe the clause in question as creating a charitable use, and thereupon appointed plaintiffs as trustees to take the legal title to the fund and carry into effect the testator's supposed intention.

The majority of the court are of opinion that this bequest is invalid, because its vesting is made to depend upon an impossible, legally unenforceable condition precedent. The proviso or condition which must be complied with to make the gift for the hospital effective is that ''the county commissioners and their successors in office, will support and maintain the same, otherwise the said $50,000 to revert back,'' etc. Whether this is a condition precedent or subsequent is not to be determined by any inelastic rule of construction. If it can be done, the intention of the testator must be given effect, and this intention is to be gathered from all his language upon the subject and in the light of the object he had in mind. When Mr. Macky said that the $50,000, which he undoubtedly intended should be used in building a hospital and home, should revert back and be distributed among certain legatees, if the county commissioners and their successors would not furnish the necessary support and maintenance, he undoubtedly meant thereby to postpone the vesting of his gift until Boulder County, through appropriate action by its board of commissioners, became legally bound to do so. Mr. Macky did not intend to make provision for some mere temporary thing. His purpose was to provide a hospital and home for all time to come for those who were entitled to enjoy its privileges. It is not the building, for whose erection the money was given, but ''the said $50,000'' itself, that is to revert and be so distributed if the required

support was not forthcoming. This language plainly indicates that it was Mr. Macky's intention that the condition which he prescribed is to be first complied with before his gift vested. Therefore it is a condition precedent. The question then recurs, Has the condition been performed, or, in the present state of our laws, can it be legally met? County commissioners are constitutional officers (article XIV, section 6). To bind the county, or to make their doings legal, they must act, not individually, or separately, but collectively as a board. Their duties and powers as a board, so far as concerns this case, are statutory. The board possesses only such powers as are by the constitution and statutes expressly conferred upon it, and, in addition, such implied powers as are reasonably necessary to the proper execution of its express powers. Various specific or particular powers are to be found throughout our statutes, but the general powers of the board are enumerated in sec. 1204, Revised Statutes 1908. Neither therein, nor elsewhere, so far as we are advised, is given to the board expressly the power to enter into such a binding engagement as this gift requires. It is only, if at all, that the board in office at the time of the testator's death had the power, and exercised it, to bind their successors and the county forever to support this hospital, that its so-called acceptance of the bequest obligated the county forever to maintain it. In the resolution of the board, which is said by plaintiffs to constitute a perpetual obligation of the county to support and maintain the hospital, the language is that the board, in behalf of the county, "accept said bequest for the purposes and upon the conditions in said will specified." Without so deciding, we assume that if the power to make such a contract resides in the board, its scope is as wide as that claimed for it. Unquestionably the testator did not

intend that his bequest should take effect upon an agreement for maintenance that bound only the board as it existed at the time of his death, for, in effect, he says that not merely the then present board of commissioners, but their successors as well, should maintain the hospital. There is no statute of this state that confers upon a board of county commissioners any such power, either expressly or by reasonable implication. Under our laws a board can expend money, except in designated emergencies, only when it has been previously appropriated for the given purpose. Each year the board must make its various appropriations of money for the necessary public purposes and levy the necessary taxes to meet them. Within the statutory or constitutional limits each board must for itself determine the tax levy and the amount of such appropriations, and it is beyond the power of any board, in any one year, to determine for its successor, in any subsequent year, how it shall perform such duties, or prescribe or limit its action in the exercise of governmental functions. All of which is equivalent to saying that, under our existing laws, it is legally impossible for a board of commissioners to bind the county forever to maintain and support the hospital which Mr. Macky was desirous of building, and, for that reason, his bequest is void as depending upon an impossible condition.

To the minds of some of the judges—a majority —there is another consideration that makes it doubtful if this gift can be given effect as a public charity. Public moneys must be devoted to the use and benefit of the public generally. While Mr. Macky, of course, could give all, or a part, of his private fortune to the maintenance of a hospital solely for poor widows and orphan children, it is questionable whether the county may lawfully appropriate public

moneys, raised by general taxation, to the support of such a hospital over which the county has not complete control and from which are entirely excluded poor unmarried women, or poor women who are married and whose husbands are unable to care for them, and from which are also excluded children of living parents who cannot furnish the proper care. In other words, a classification founded upon no inherent or natural distinction, but merely upon an arbitrary selection or artificial status, as widowhood or orphanage, might not justify a discrimination by a county in its appropriation of public moneys for a charitable or philanthropic object, not under county control, for the benefit of one class only, to the exclusion of another class, when both of such classes are, in all substantial particulars, similarly situated and have the same or equal claims upon the county for such support, or when the county has no right, and is charged with no duty, to support the favored class and is legally bound to maintain the one excluded.

To my mind there is another and equally insuperable objection to this bequest, as to which my brethren, who concur in the conclusion reached for the reasons already given, express no opinion. It will be observed that the testator does not make a gift either to the city or to the county of Boulder. The only connection which either of these public corporations has therewith is that one or the other may maintain and support the hospital, in which event only does the fund become available for the specified use. It is quite apparent also, as stated by the trial judge, that no trustee was named by the testator. It is equally true that, while the beneficiaries as a general class are sufficiently designated as ''poor widows and orphan children, while sick and unable to care for themselves,'' the particular individuals

of the general class for which provision is made are indefinite and uncertain. Such uncertainty and indefiniteness are not by any means fatal to the validity of a charitable gift which, in other respects, is sufficient. On the contrary, the characteristic element of a public, as distinguished from a private, charity is indefiniteness or uncertainty as to its particular individuals or objects. The plaintiffs in error contend, however, that though the language employed may adequately designate the beneficiaries as a class, the bequest is void because no trustee has been named in the first instance by the testator and no provision made for selecting the particular objects of the charity.

While we are inclined to the view that the beneficiaries are sufficiently designated as a general class to make the alleged bequest one for a public charity, and therefore, in that respect, there is a sufficient manifestation of the testator's intention, the more important and difficult question remains, whether or not a court of equity, under a will purporting to create a charitable gift, with no details whatever for making it effective, and where the testator himself has not in the first instance appointed a trustee and clothed him with power to carry out the bequest, or has not delegated such authority to the court, may, in the exercise of its judicial power, appoint trustees and clothe them with power and discretion to select the particular objects of the testator's bounty and to execute the trust which apparently the testator endeavored to establish. The plaintiffs rely for their contention upon *Clayton v. Hallett et al.*, 30 Colo. 231. That case is authority for plaintiffs' position that the beneficiaries are sufficiently designated as a general class. And if the clause under consideration, or some other clause in Mr. Macky's will, had contained all the details for executing the

trust, or had authorized the court to name trustees, or in some way had given the power and authority to some one to select out of the general class the particular individuals who should enjoy the blessings of the charity, an entirely different question would be presented. The Clayton will, which, in this phase, is quite different from the one in hand, expressly granted to the executors and, by implication, to the trustees, all of whom were named by the testator himself in his will, the authority to designate out of the general class named the beneficiaries who were to enjoy the use of a charitable trust. And while, in the course of the opinion, the writer said that a court of equity would never allow a trust to fail for the lack of a trustee, no such pronouncement was necessary in the decision of that case. Such expression is frequently found in the books, but we apprehend that the statement presupposes a valid bequest or trust, which implies that the legal title has passed from the testator to some person, natural or artificial, or that full details for executing the trust are present. While this court is disposed to favor a bequest for charitable uses and will strive, whenever it can be done consistently with the established pertinent principles of equity, to uphold and enforce them, it has not the power, like the court of chancery in England, to make a will for a testator which he himself has tried, but failed to make. The *cy pres* doctrine, which, in one aspect, is but that of approximation, is applied in many of our states. But the prerogative of the king, as *parens patriae,* under the sign manual, does not belong to the equity courts of this country in construing wills, though it is conferred upon, and is exercised by, the chancellor in England, as the agent or personal representative of the crown. While the statute of 43d Elizabeth is, according to the decisions in the Clayton case *supra,*

a part of the law of this state, yet it is not the origin of the doctrine of charitable trusts which the equity courts of England, both before and after its adoption, were wont to enforce.

Applying what we consider well established principles in the law of charitable trusts, it is apparent that this bequest must be held void. The will contains no plan for executing the trust. It is entirely silent on that subject. The testator has entirely failed himself to appoint a trustee, or by any provision of his will to clothe his executors or trustees, to be later appointed by the court, with the power to determine who shall be the individual beneficiaries. Courts of equity may in certain cases appoint trustees of a charitable trust where the testator himself has failed to name them; but no well considered case in this country has been called to our attention, except where the broad English chancery doctine is enforced, which holds, where a will is thus silent, that the court may appoint a trustee and invest him with power which only can be given by the testator himself, unless the testator in his will makes provision for such appointment by the court, or otherwise delegates such power of appointment, or has provided in detail how the trust may be executed. Were there any circumstances which tended in the least degree to show that Mr. Macky intended to empower either his executors or the city or county of Boulder to make a selection of beneficiaries, or if he had manifested his intention to delegate such authority to a court of equity, we would be quick to respond by carrying out such intention. So far as this branch of the case is concerned, we might, without much difficulty, sustain this bequest if the testator had in some way made provision whereby the courts could, by the appointment of trustees, execute the trust.

The mere fact that the beneficiaries have been designated as a class would not operate to make void the bequest. Yet, where there is an entire absence of trustees and no details or plans for carrying out the testator's object, and no method prescribed for executing the trust, and no delegation of power to any one to select the particular beneficiaries where they are designated in the will merely as belonging to a general class, the same cannot be enforced by the courts. There may. be some cases in this country apparently holding to the contrary, but, if so, they are by the courts of Massachusetts and other states following them, which have, by statute or decisions, adopted the prevailing English rule. Our conclusion is well stated by Mr. Perry in his able work on Trusts, at secs. 722, 729 and 731 of vol. II (5th ed.), which is sustained by the great weight of authority in the United States, as a reference to the cases collected in the foot notes establishes.

It is said, however, by plaintiffs, that since the defendants, plaintiffs in error here, were by another clause of the will given legacies which they accepted upon the receipt of which they, by their guardian *ad litem,* agreed not to contest or question the validity of the will, they are thereby estopped to be heard here in this action to say that this bequest is void. And it is further said that the attack of the defendants upon this item of the will, not having been made within one year after the will was admitted to probate, is barred by our pertinent statute of limitation. It is difficult to understand how these questions can be raised here. The plaintiffs themselves instituted this action for the avowed object of having themselves appointed as trustees of a fund which they say the testator, by the item heretofore copied, had given to a public charity, and incidentally and necessarily, they invoked the jurisdiction of the

court to give a judicial construction of its meaning and to determine its validity. They themselves made these plaintiffs in error defendants to this action and summoned them into court to defend against it. And when, as defendants, they appeared and suggested the invalidity of the gift, their action did not amount to an attack upon one clause of the will by legatees who have accepted legacies under another clause of the same instrument. It is rather a case where defendants, who have been made such by the plaintiffs, come into court and submit for its judgment only what plaintiffs themselves have made necessary, namely, the construction of a clause of a will which the court must determine to be enforceable in equity before it can grant the prayer of plaintiffs' petition and appoint them trustees of a fund which they say is thereby devoted to a public charity. Whatever might be said if the question were properly before us as to the alleged estoppel of minors, who, after having accepted legacies under a will, have affirmatively attacked it, is not important here. We merely say that, in the circumstances of this case, these minor defendants, having been brought in by plaintiffs, are not estopped by the receipt of legacies, or barred by the statute of limitations, to submit to the court their view as to the validity of the clause in question. The county court had no right to require of the guardian *ad litem* of these minors to sign for them a receipt, in the form of an agreement, not to contest the will if the legacies under the will were passed to them. The guardian of their persons and property resided in a foreign state and was subject to the jurisdiction of its courts. He did not approve of such alleged agreement. To say the least, the signing of such receipt does not operate as an estoppel against them to ask for a construction of the will, though it be one different from that sought

by plaintiffs, when, as here, they are compelled to come into court by the plaintiffs themselves.

The further contention of plaintiffs that, even if this particular bequest is declared void, the amount thereof will not, in any event, inure. to these plaintiffs in error, but will go to the residuary legatees, is not properly before us for determination. That is a question which should be determined only when all the parties affected are before the court and where that issue is involved in the case. Disposed as we are to sustain wills and carry out the intention of testators, and to favor charitable trusts, we are compelled to declare this bequest under consideration void and incapable of enforcement by a court of equity. The judgment is, therefore, reversed and the cause remanded for further proceedings, if any, in conformity with the views herein expressed.

*Reversed and remanded.*

Decision *en banc.*

All the justices concurring except Mr. Justice Garrigues, who does not participate in the decision.