[No. 7634.]

UNIVERSITY OF COLORADO V. WILSON ET AL.

1.  WILLS—*Construction*—Courts are bound to give to a will such a construction as will carry out the plain intention of the testator.

2.  ——*Construed*—The testator bequeathed $50,000 for the erection and maintenance of a home for poor widows and orphans, but upon a condition precedent impossible in law to be performed, following this bequest with the direction that "otherwise the said $50,000 to revert back, and be divided" among certain legatees named. *Held*, that the manifest intention of the testator was that if, for any reason, the conditions prescribed in the provision made for the home, should not, or could not, be performed the gift over to the legatees should immediately take effect. An order making distribution accordingly, affirmed.

*Error to Boulder County Court.*—Hon. E. J. INGRAM, Judge.

Hon. BENJAMIN GRIFFITH, attorney general, Mr. CHARLES O'CONNOR, assistant attorney general, and Mr. JOHN A. GORDON, of counsel, for plaintiff in error.

Mr. HENRY O. ANDREW and Mr. FRANK L. MOORHEAD, for defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The matter to be determined is, what does paragraph seven of the will of the late Andrew J. Macky mean, and what is its effect.

After making a number of specific money bequests to relatives and friends, the testator undertook, in that paragraph, to make a charitable gift for an hospital building and home for poor widows and orphans, as follows:

"7th.    I further give and bequeath to and for a hospital building and a home to be built in Boulder, county of Boulder, and state of Colorado, for the comfort of poor widows and orphan children, while sick and unable to care for themselves, the sum of fifty thousand ($50,000) dollars.    Providing the city of Boulder, by its officers, or the county commissioners and their successors in office, will support and maintain the same, otherwise the said $50,000 to revert back and the same to be divided up among the following legatees; to-wit, Lydia A. Snow, Jerome Macky, Alonzo Macky, Chauncey Macky, Celia B. Dickerson, Anna C. Walker, Mary Aldrich and Emma Aldrich, Cora Doyle, George Robbins, Elmer Robbins, Earl Harold Robbins, Lola Robbins and Monabelle Robbins in proportion as their legacies herein mentioned bears to the said ($50,000) fifty thousand dollars."

The city of Boulder declined to accept the gift, but the Board of County Commissioners offered to do so upon the condition imposed, and asked that the individual members of the board be appointed trustees of the legacy for the purpose set forth in the bequest.    In the case of *Robbins v. County Commissioners,* 50 Colo. 610, this court held the primary gift to charity void, for the reason that "its vesting is made to depend upon an impossible, legally unenforceable condition precedent;" whereupon the executor of the estate, joined by certain of the legatees named in that paragraph as legatees

over of said $50,000.00, filed in the county court their peti-
tion asking for an order of distribution according to the terms
of the bequest. To this petition the Board of Regents of the
Colorado State University, as residuary legatee, interposed ob-
jection and filed a petition asking for a construction of para-
graph seven, claiming the fund of $50,000.00 under the resid-
uary provision of the will. The county court held the gift
over to Lydia A. Snow and others valid, and ordered a dis-
tribution of the $50,000.00 accordingly. The regents bring
the case here on error, seeking a reversal of the judgment of
the county court.

The primary gift being out of the way, the question is,
does the gift over take effect and is it to be enforced? It is a
settled rule that the intention of the testator must govern,
when such intention is made clear by the terms of the will
itself. This has been repeatedly declared by our own and
other courts to be the guide in all matters involving construc-
tion of wills. Courts are bound to give such construction to a
will as will carry out and put into effect the plain intention of
the testator.—*Bacon v. Nichols,* 47 Colo. 31; 40 Cyc. 1386,
and cases cited.

The first gift contained in the paragraph of the will under
consideration depended, as has already been determined by
this court, upon a condition precedent, impossible of legal en-
forcement. In deciding the case of *Robbins v. County Com-
missioners, supra,* this court did not directly pass upon the
question involved in this case, and the statement in that case
as to the nature of the condition upon which the primary gift
depended does not necessarily determine the status of the gift
over. It having been adjudged that the primary gift is void,
it now remains to determine the meaning and effect of the
words in paragraph seven of the will following the attempted
gift to the city of Boulder or to Boulder county. The condi-
tion precedent which was by this court held impossible of en-
forcement reads: "Providing the city of Boulder, by its offi-
cers, or the county commissioners and their successors in of-

fice, will support and maintain the same" (the hospital building and home). Following this proviso comes the clause which is now before the court for consideration, to-wit: "Otherwise the said $50,000.00 to revert back and the same to be divided up among the following legatees," Lydia A. Snow and others. The testator did not say that the gift to the county should take effect on condition that the county expressed a willingness to accept the gift, but imposed as a condition precedent to the vesting of the gift that the county should permanently support and maintain the hospital and home. That such was the intention of the testator, and that such is the meaning of the proviso, is made clear by the language of the court, in *Robbins v. County Commissioners, supra,* where this is said:

"When Mr. Macky said that the $50,000, which he undoubtedly intended should be used in building a hospital and home, should revert back and be distributed among certain legatees, if the county commissioners and their successors would not furnish the necessary support and maintenance, he undoubtedly meant thereby to postpone the vesting of his gift until Boulder county, through appropriate action by its board of commissioners, became legally bound to do so. Mr. Macky did not intend to make provision for some mere temporary thing. His purpose was to provide a hospital and home for all time to come for those who were entitled to enjoy its privileges. It is not the building, for whose erection the money was given, but 'the said $50,000' itself, that is to revert and be so distributed if the required support was not forthcoming."

The clause in the will which provides that the county commissioners "will support and maintain the same," means provided they shall, or do, support and maintain it. It in no sense implies that a mere willingness on the part of the board to do so is sufficient. It requires that this support be absolutely and unconditionally provided for and furnished, else the condition is not met. And if for any reason, because the law interposed an obstacle against providing such support and

maintenance, or for any other reason, such support was not forthcoming, then the condition upon which the primary gift rests was not fulfilled and the gift failed. Attaching this meaning to the condition precedent then, we look to the provision of the will itself in this behalf to determine the status of the gift over. By this paragraph of the will Mr. Macky said, in effect, if the city of Boulder, or if the Board of County Commissioners of Boulder county, will not, do not or can not, furnish maintenance and support for the proposed charitable institution, then the gift of $50,000.00, primarily intended for that charity, shall be divided among those certain other legatees in the will, specifically named in this paragraph. Language could scarcely make it plainer that the testator intended this money to go to erect a charitable home for poor widows and orphans, who under the terms of the will were entitled to such privilege, if either Boulder city or the county of Boulder could and would permanently support and maintain it; if not, then to the other legatees named. It is manifest that the plain intention of the testator was that the gift over should take effect if, for any reason, the city of Boulder, or the Board of County Commissioners of Boulder county, should fail to provide for the permanent support and maintenance of the hospital and home, and there being no legal objection to be urged against such gift, it ought, upon every consideration, to be given full effect.

Since by the language of the will itself the intention of the testator respecting this fund is clear, and under well settled principles of law such intention must control in the disposition thereof, as the gift over contravenes no established rule of law or public policy, the various other matters, so ably presented by opposing counsel, upon the question of conditional limitation and kindred subjects, and the rules of law applicable thereto, need not be considered. Neither is it necessary to determine what the status of the residuary legatee would be, had both gifts been held void, as it is clear, under

the construction here given to paragraph seven of the will, that such legatee has no claim upon or interest in the fund in question.                          *Judgment affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE WHITE concur.