No. 8827.

DAVIS *v.* REGENTS OF THE UNIVERSITY OF COLORADO.

TAXES—*Properties Liable.* A testator directed that after the payment of certain specific legacies and the expense of administration, the residue of his estate should be paid to an institution of learning, the properties which are exempt by law from taxation. *Held* that so long as the estate remained unsettled the funds in the hands of the executors were subject to taxation.

*Error to Boulder County Court, Hon. E. J. Ingram, Judge.*

Mr. MELVIN C. GOSS and Mr. FRANK A. KEMP, JR., for plaintiff in error.

Hon. FRED FARRAR, Attorney General; Mr. NORTON MONTGOMERY, Assistant Attorney General; Mr. EDWIN H. PARK and Mr. THOMAS H. GIBSON, for defendants in error.

Mr. Justice Garrigues delivered the opinion of the court.

*Statement of the Case.*

Andrew J. Macky died June 11, 1907, leaving a last will and testament in which he made certain bequests to relatives, with which we are not concerned.   Under clause 7 of the will, he left $50,000.00 for a hospital to be located at Boulder, under conditions that the City or County of Boulder would support and maintain it; otherwise the $50,000.00 was to be divided among certain legatees.   The residue and remainder of the estate, after the payment of legacies, settling the estate inheritance tax, claims, expenses and costs of administration, he gave to the Board of Regents of the Colorado State University.   By the terms of the will it was impossible for the University to ever have any residuary interest in this $50,000.00   The will was probated and the executor qualified July 27, 1907.   He filed an inventory in which he valued the real estate at $28,000.00 and the personal property at $311,473.49.   September 18, 1908, on petition of the regents, a court order was entered setting aside a fund of $97,000.00, of which $50,000.00 was to protect the payment of the hospital gift, $20,000.00 for the inheritance tax, and $27,000.00 to cover attorney's and executor's fees, court costs, and expenses of administration, and requiring the executor to turn over the residue of the estate then remaining in his hands to the regents, which was accordingly done August 3, 1909. July 8, 1910, there was paid out of this $97,000.00, claims against the estate amounting to $12,596.52, and from July 8, 1910, to April 15, 1915, there was paid out of the same fund on claims, $6,833.96.   The $50,000.00 was not used

for hospital purposes and in 1915 it was distributed under clause 7 of the will to alternative legatees, upon order of court, and $1,000.00 was paid on account of attorney's fees; so that there was paid out in the aggregate from this fund, $70,430.48, leaving $26,569.52 in the hands of the executor July 30, 1915.

The taxes levied on the property of decedent prior to the distribution, for 1908 and 1909, payable in 1909 and 1910, were paid by the executor out of the estate funds. The taxes payable in 1911, 1912 and 1913, subsequent to the distribution, were not paid when due, and July 14, 1913, the County Treasurer brought suit to collect them. December 31, 1913, the court ascertained the amount of taxes for these years, due on the $50,000.00, and entered an order directing the executor to pay that part of the taxes out of the estate funds on hand, but the matter of taxes due on any remainder of the $97,000.00, if any, was taken under advisement. The taxes payable in 1914, were paid on the $50,000.00 in the same manner, pursuant to this order of court. Any balance of taxes due in 1911, 1912, 1913 and 1914, has not been paid, and no taxes whatever were paid in 1915. July 14, 1915, the executor filed a petition in court setting forth the above facts, and the demand upon him by the County Treasurer for the payment of the remaining taxes claimed to be due. September 2, 1915, the County Treasurer on behalf of the county, answered the petition, setting forth fully the claims of the county for taxes remaining unpaid. October 16, 1915, the court disallowed the claim of the county and instructed the executor to pay no further taxes. The treasurer brings the case here for review.

No order has been made for final distribution, and the amounts to be paid as fees to the executor, and his attorney, and for costs of administration have not been determined.

June 6, 1909, we held *"In re Inheritance Tax, Macky estate,"* 46 Colo. 79, 102 Pac. 1075, that bequests to institutions whose property is exempt from taxation, are not subject to an inheritance tax.

The city of Boulder declined to accept the gift of $50,000.00, and May 1, 1911, we held in *Robbins v. County of Boulder*, 50 Colo. 610, 115 Pac. 526, that the bequest to the county was invalid. Thereupon the regents claimed the fund and in April, 1913, in *University v. Wilson*, 54 Colo. 510, 131 Pac. 422, we affirmed the judgment of the County Court ordering it paid over to the alternative devisees under clause 7 of the will.

The order of distribution entered September 18, 1908, in the County Court, as modified by the District Court, was appealed from, and we dismissed the appeal June 6, 1909. *Wilson v. Board of Regents*, 46 Colo. 100, 102 Pac. 1088.

July 22, 1909, one May Oles brought suit claiming one-third of the estate. February 14, 1914, in *Oles v. Wilson*, 57 Colo. 246, we reversed the action of the District Court sustaining a demurrer to her complaint, and remanded the cause for trial. June 15, 1915, the Oles action was dismissed.

*Opinion of the Court.*

All of the estate remaining in the hands of the executor except the $97,000.00, was by order of the court delivered to the regents of the university August 3, 1909, and between that date and July 30, 1915, all of the $97.000 was paid out under order of court except $26,569.52. The question is whether, since the distribution to the regents, the $97,000.00, or such part of it as remained in the hands of the executor each year, was exempt from, or liable to assessment for taxation, and, if not exempt, were the taxes levied upon the remaining portion each year payable out of the funds of the estate on hand?

The court held that the $50,000.00 was not exempt, and ordered the executor to pay the taxes on it, due for 1911, 1912, 1913 and 1914, from the funds on hand. It subsequently held that the remainder of the $97,000.00 was exempt from taxation because the University was the residuary legatee, and its property exempt from taxation, and directed the executor to pay no further taxes upon or from this fund.

We understand the regents contend that the taxes on the $50,000.00 should have been paid, each year, out of that specific fund, so that when it was turned over to the alternative legatees, it would be with the taxes against it deducted; that as to the remainder of the $97,000.00, no taxes could be paid out of it, because of the exemption. We cannot agree with this contention. What rule we might adopt in case of a specific legacy, in a certain and definite amount, payable out of the assets of a solvent estate, to an institution whose property is exempt from taxation, we are not called upon to determine. The estate has not been settled. Only $1,000.00 has been paid as attorney's fees, and the record does not disclose that the executor's fees, court costs, and other expenses arising out of the administration of the estate have been paid. We do not know what the amount of the residue will be. There may be none.

Our statute, Laws of 1903, p: 496, provides: The executor shall list the property, real and personal of the decedent for taxation, and pay the taxes thereon from any funds of the estate in his hands properly applicable to that purpose. We think that under this statute, the $97,000.00, or such portion of it as remained each year in the hands of the executor, was subject to taxation; that the taxes were payable out of this fund, and upon final settlement, the residue, if any, should be delivered to the regents.

The judgment of the lower court will be reversed and the cause remanded with directions to enter a judgment in favor of plaintiff in error for such amount as shall be found to be due for taxes, interest and penalties upon the funds in the hands of the executor at the various times in question, in accordance with the views herein expressed.

Reversed and remanded.

Decision *en banc.*

Mr. Justice Scott and Mr. Justice Teller dissent.

Decided March 7, A. D. 1917. Rehearing denied November 5, A. D. 1917.