Shaw C. J.
delivered the opinion of the Court. Several objections are made to the plaintiff’s recovering in this action. The first is, that the legacy claimed by the plaintiff was to vest only upon the performance of certain conditions which have not been complied with by the legatee. This objection applies to all the several subjects of the bequest.
One of the conditions was, that the legatee should relinquish her right of dower in the estate of the testator.
We think it would be a forced construction of the will, to construe this a condition precedent, in the manner contended for. It did not imply that the widow should, by any express and formal act, release her dower; it would be a sufficient compliance that she made no claim, but tacitly waived her right. The plain intent was, that she was not to have the provision in the will and also her dower ; and the same construction would have been put upon this bequest, by force of the statute, had the will contained no such condition. St. 1783, c. 24, § 8. In such case a widow has a reasonable time to make her election, and unless she elects to claim her dower, her right to the provision under the will is not defeated or suspended.[1] In the present case it is manifest, that the widow did no act in her lifetime denoting any intention to claim her dower, and certainly no unreasonable time elapsed, within which she coul’d make her election.
But there is another view of the subject, which is this ; whether, where a personal right depends upon an election, and no express election is shown, nor any positive act or declaration, manifesting such election, an election is not to be presumed from the circumstances ; and we think it may be.
*521 The question then is, what was the widow’s presumed election ; to determine which it becomes necessary to look into the facts. It appears by a reference to the inventory, which is now made part of the case, that the whole of the testator’s real estate was not equal in value to the provision in the will. It is manifest therefore, that she could not, without acting greatly against her interest, elect to take one third, of this real estate for her life, the provision in the will being obviously so much more beneficial. The presumption of law therefore is clear, that she must have elected the provision, in preference to her dower.[1] The first condition therefore does not stand in the way of the plaintiff’s recovery.
The other condition was, that the legatee should educate and bring up the testator’s granddaughter. This is clearly a condition subsequent. It was to be performed for a time which might, and probably would continue long after the legacy was to vest. The defendant objects that it was not complied with. To this there are two answers ; depending upon the force of the terms educate and bring up. If they imply personal parental care, then the duty terminates with her own life, and the condition was performed. She did educate and bring up the granddaughter, so long as she lived ; though it was indeed for a very short period. Besides, in the case of a condition subsequent, the act of God excuses non-performance. But if “to educate and bring up’’means to furnish subsistence to the granddaughter, then the condition was a mere charge on the legacy ; and it might be performed by the personal representative, and would not prevent the legacy from vesting. We think that a personal care was intended, and consequently that by the death of the legatee the legacy became discharged of the condition.[2]
This point may be viewed in another light. Suppose the granddaughter had died. The legatee would then have been excused from the further performance of the condition. Such *522 an event would not have defeated the legacy ; and the death of the wife is of the same nature.[3]
The remaining questions relate to the particular subjects of the bequest.
The law warrants a bequest for life, of various kinds of personal property, with a limitation over ; and we are to consider how this principle applies to the bequests in the present case.[4] The gifts of the bank shares, and of one half of the money in the house, were in terms absolute, and without any limitation over. But it is contended that the expression of the will, that whatever money the wife might have in her possession at the time of her decease, might be equally divided between the testator’s granddaughters, was in effect a limitation over, of the money before given to his wife, and so reduced that bequest to a gift for life, by implication. But to this view there are two objections. First, it is a well settled rule, that if a gift is absolute and entire in its terms, any limitation over afterwards is repugnant and void. But another and decisive objection is, that the money in the wife’s possession at her decease, was not understood by the testator to be the same money which he gave her by the will, and of course, the recommendation or direction in the latter clause, was no limitation over, of the money bequeathed to her in the former. If the money in the wife’s possession, had been given to her for' her life only, this clause might have borne a different construction. Where a testator has a disposing control, these words might be construed to be an authoritative disposition ; but otherwise, they must be construed to be words of recommendation only. Where the testator intended to give personal property to his wife for life, with a limitation over, he has done it in apt and precise terms, as in the case of the furniture. Here there is no expression or implication that he intended to give the money to his wife for life and not absolutely, and the general circumstances would lead to the opposite conclusion.
*523 In regard to the family stores, the same rule, to a certain extent, applies. The gift to the wife is absolute, and the subsequent direction applies to all the family stores which the wife may leave, not those which the testator leaves to her. Perhaps he might suppose that he had a power of disposing of all such personal property as his wife might leave, under which mistaken belief he inserted these expressions of his will; or perhaps, what is more probable, he used these expressions by way of request and strong recommendation to the wife.
But there is another rule applicable to this species of property, which is, that where the use of things is given, which are necessarily consumed by the use, the gift is absolute and the limitation over is void.[1]'
The result is, that as to the bank shares, one half of the money in the testator’s house at the time of. his decease, and the family stores, the plaintiff is entitled to recover.

 See Revised Stat. c. 60, § 11.

 See Delay v. Vinal, 1 Metcalf, 57; Bailey v. Culverwell, 8 Barn. & Cressw. 448; Marston v. Butler, 3 Wendell, 149; Camp v. Camp, 5 Connect. R. 291; 2 Phil. Ev. (Cowen & Hill’s ed.) 303, notes.

 S held in Richards v. Merrill, 13 Pick. 405

 Non-performance of the condition of a bond or recognizance is excused when performance becomes impossible by an act of Divine Providence. People v. Manning, 8 Cowen, 299; Holland v. Bouldin, 4 Monroe, 147

 See Field v. Hitchcock, 17 Pick. 182.

 See 2 Kent’s Comm. (3d ed.) 353, 354.