JOHN W. BLISS & another *vs.* THE AMERICAN BIBLE SOCIETY & others.

A testator made a codicil to his will, as follows: " Codicil to the foregoing instrument, that by the dispensation of God's providence in taking from me my beloved son, W. L. B., a part of his property has fallen into my hands; therefore I make the following codicil to my foregoing will in manner and form following, viz: to the Bible Society of the Methodist Episcopal Church, $1000, the one half of the remainder to the American Missionary Society, the other half to the support of the Gospel among the refugees in Upper Canada; which sums I require my executor to pay over to the proper officers of said societies." The testator received from his son's estate less than $1000. *Held*, that only the amount received by the testator from his son's estate should be applied to the payment of the legacies given by the codicil.

A legacy was given in a codicil to a will to the " Bible Society of the Methodist Episcopal Church." An organization formerly existing under that name was dissolved, fifteen years before the time when the codicil was written, by the recommendation of the General Conference of the Methodist Episcopal Church, which at the same time recommended to the churches of that denomination to unite with the American Bible Society in carrying forward its objects, and their contributions, including those of the church of which the testator was a member, were accordingly from year to year given to that society. There are also various other societies, with different names, having the same general object, one of which belongs to that denomination. *Held*, that the American Bible Society is not entitled to the legacy.

If a legacy for charitable purposes is given to an association which is incapable of undertaking the trust, this court will appoint a trustee to receive the legacy and apply it to the purpose intended by the testator.

Reasonable costs of parties properly before the court to litigate a question, as to the party entitled to receive a legacy for charitable purposes, where the right was doubtful, will be allowed out of the fund.

HOAR, J. This is a bill in equity, in the nature of a bill of interpleader, in which the administrators with the will annexed of Abel Bliss, late of Wilbraham, in the county of Hampden, ask the instruction and direction of the court in relation to the disposition of certain legacies given by the codicil to said will.

The will, which was executed on the 22d of April 1850, made a provision for the testator's widow; gave a small legacy to each of his children, reciting that he had already given them many thousand dollars in such sums and in such manner as seemed to him just and right; and gave the remainder of his estate to be equally divided among such of his grandchildren then living, and those which might afterwards be born, as should be alive on the first Monday of January 1860.

The codicil is dated April 12th 1851; was written by the testator; and is as follows: " *Codicil to the foregoing instrument,* that by the dispensation of God's Providence in taking from me my beloved son, William Lathrop Bliss, a part of his property has fallen into my hands; therefore I make the following codicil to my foregoing will in manner and form following, viz : to the Bible Society of the Methodist Episcopal Church, one thousand dollars, the one half of the remainder to the American Missionary Society, the other half to the support of the Gospel among the refugees in Upper Canada; which sums I require my executor to pay over to the proper officers of said societies." The testator died in January 1853.

The American Bible Society, the American Missionary Association, and the surviving grandchildren of the testator, are made parties to the suit.

The material facts agreed are these: The estate of Abel Bliss amounts to $4330.76. No settlement of his son's estate was ever made in the probate court; but Abel Bliss was appointed his son's administrator, and returned an inventory, in which the estate was appraised at $3753.50; which sum was reduced by a loss on the sale of the estate, and by subsequent payments made from it, to $754.23. The organization known as the " Bible Society of the Methodist Episcopal Church," which had existed for many years previously to 1836, was in that year dissolved upon the recommendation of the General Conference of that church. Whether this organization was a corporate body, or a voluntary association, is not stated. The General Conference at the same time recommended to the Methodist Episcopal churches to unite with the American Bible Society in carrying forward its object; and contributions were thenceforward taken up in the Methodist Episcopal churches throughout New England, from year to year, in aid of the American Bible Society; and among others in the Methodist Episcopal church in Wilbraham, of which the testator was a member. Since 1840, members of the Methodist Episcopal Church have been members of the Board of Managers of the American Bible Society, and held office in said society. There is another association

belonging to the Methodist Church, a part of whose action is devoted to the circulation and distribution of Bibles, called " the Methodist Book Concern ; " and there are other societies beside the American Bible Society that have the same general object.

The conclusion to which we have come upon these facts renders the other facts agreed of no importance. We think it clear that the true construction of the codicil makes it apply only to the estate which the testator received from his son; and that only the amount of that estate which is shown to have remained subject to his disposal, after deducting all charges upon it, and debts, is to be applied to the payment of the legacies which the codicil gives. The codicil recites, as the reason for making it, that a part of his son's property has fallen into his hands. It then gives a specific legacy, and makes a distribution of " the remainder," but does not in express terms say of what it is the remainder. But we have no doubt upon the whole instrument that he intended " the remainder" of that which was the occasion and subject of the codicil. Any other construction would make it not so much a codicil as an entirely new testamentary disposition. And we cannot suppose that his inheriting a small amount of property from one of his sons could have been regarded by him as a reason, not only for disinheriting all his grandchildren, but for revoking the provision he had made for his wife. If " the remainder" is used merely in reference to his son's estate, it would follow that the legacy of $1000 was to be taken exclusively from the same fund ; and as the fund is not sufficient to pay the whole of that sum, there is no residue to which the claim of the American Missionary Association can apply.

In regard to the legacy of $1000, it presents a question not free from difficulty. It has been argued with some force that the American Bible Society may properly be regarded as " the Bible Society of the Methodist Episcopal Church." But upon the whole we are of opinion that the designation of the latter organization, although it had ceased to exist, is too exact and express to create any ambiguity; especially as there is no evidence that the testator knew of its dissolution. This brings the

case substantially within the authority of *Winslow* v. *Cummings* 3 Cush. 358. The bequest being to a charity, the object of which can be distinctly ascertained, it is valid, and will be sustained by the court, although the legatee is incapable, by reason of original want of corporate capacity, or from its corporate existence having terminated, of undertaking to execute the trust. The court will appoint a trustee, and order the legacy to be paid to the trustee to be expended according to the charitable intent of the donor. The American Bible Society being a corporation fully qualified for the trust, and willing to undertake it, a decree will be entered that the petitioners pay to that society the sum of $754.23, excepting the reasonable costs of the parties to the litigation, which are to be paid out of the fund; in trust that the society shall expend the amount received in the circulation and distribution of Bibles; and that such payment shall be in full discharge of the legacies given by the codicil to the will of Abel Bliss. *Decree accordingly.**

*J. E. McIntyre*, for the administrators, cited *Tucker* v. *Seaman's Aid Society*, 7 Met. 188; *Brown* v. *Saltonstall*, 3 Met. 427; *Brewster* v. *M'Call*, 15 Conn. 274; *Minot* v. *Boston Asylum*, 7 Met. 416; 1 Greenl. Ev. § 290; 1 Jarman on Wills, §§ 329, 330.

*C. A. Winchester*, for the American Bible Society, cited *Winslow* v. *Cummings*, 3 Cush. 358; *Brown* v. *Kelsey*, 2 Cush. 243; *King* v. *Parker*, 9 Cush. 82; *Washburn* v. *Sewall*, 9 Met. 280.

*E. D. Beach*, for the American Missionary Association, cited *Hayden* v. *Stoughton*, 5 Pick. 531; *Prescott* v. *Prescott*, 7 Met. 146; *First Parish in Sutton* v. *Cole*, 3 Pick. 237.

---

* A decree was entered appointing the American Bible Society as trustee to receive and expend, in the distribution of copies of the Bible, the legacy given by the codicil to the will to the Bible Society of the Methodist Episcopal Church, and ordering the petitioners to pay over to said trustee the sum of $754.23, except the costs allowed by the court, which were to be deducted from that sum, namely, the cost of service of process, the clerk's fees, the cost of printing in the suit, forty dollars as solicitor's fees for the petitioners, twenty-five dollars as costs to the American Bible Society, and twenty-five dollars as costs to the American Missionary Association; which payments were to be a full satisfaction and discharge of all sums payable or to be paid under and by virtue of said codicil.