GEORGE E. BULLARD & another *vs.* INHABITANTS OF SHIRLEY & others.

Suffolk.  March 22, 1891. — May 19, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Public Charity — Condition Precedent — Failure of Gift — Heirs at Law.*

A testatrix by her will gave to the Rev. S. C. of the town of S. $5,000, which after his death was to go to the town, "strictly on this condition, namely, that said town shall support fairly and permanently a Unitarian clergyman, in which case all interest accruing on above sum shall be used to aid in payment of his salary, failing which it shall revert to my heirs at law." The town could not lawfully support the clergyman as required. *Held*, that the gift to the town failed, and the limitation to the heirs at law took effect immediately; and that the money would go to the testatrix's next of kin.

HOLMES, J. This is a bill for instructions, brought by the trustees under the will of Mary D. Whitney, touching the disposition of the fund given by the second clause of the will. That clause is as follows: " Secondly, I give and bequeath to my friend, Rev. Seth Chandler, of Shirley, the sum of five thousand dollars ($5,000), which after his death shall revert to the town afore named strictly on this condition, namely, that said town shall support fairly and permanently a Unitarian clergyman, in which case all interest accruing on above sum shall be

used to aid in payment of his salary, failing which it shall revert to my heirs at law." Seth Chandler died after the testatrix. It is admitted by all parties, that the town cannot lawfully support the clergyman as required, and the question is whether the gift fails on that account.

We are of opinion that support by the town, and not merely in the town, is of the essence of the condition. The words require it. They are explicit, " that said town shall support." Any latitude of interpretation, based on conjectures as to what the testatrix would have done had she known of the difficulty raised by her language, is excluded by the introductory and governing phrase, " strictly on this condition." We must take her condition strictly as she wrote it, and taking it so, it cannot be performed. Again, we are of opinion that, although the act of supporting a minister need not begin until after the receipt of the legacy, a capacity to do the act is a condition attached to the gift itself. The case is not like one where it is attempted to impose an illegal restriction on the use of the thing granted. Here, that which by our construction is contemplated by the testatrix as the consideration and inducement of her gift fails altogether. It is true that the testatrix may be assumed to have acted from religious or charitable motives, but she says very plainly that the motive is not sufficient unless the terms of her bargain are complied with. The question is one of construction, not of technical rules. We cannot doubt that what she required from the town went to the root of her gift. See *Acherley* v. *Vernon*, Willes, 153. In *Parker* v. *Parker*, 123 Mass. 584, where land was devised on condition that the devisee should support his brother, although the support was, no doubt, a part of the consideration of the gift, yet it was limited by the life of the brother, there was the further intention manifest to benefit the devisee subject to the charge, and therefore the devise did not fail because of the previous death of the brother.

It follows from our construction of the second clause, that the legacy to the town must fail. Assuming that the object is a charity, still there is no universal principle that the testator's particular intentions must be sacrificed by reason of that general object. *Stratton* v. *Physio-Medical College*, 149 Mass. 505, 508. *In re Ovey*, 29 Ch. D. 560. *In re Randell*, 38 Ch. D. 213.

The limitation to the testatrix's " heirs at law " is not depend-
ent upon the gift to the town taking effect.   It is a limitation
upon the failure of the primary purpose at any time, and for
any cause.   As the primary purpose fails at once and as matter
of law on the face of the will, the gift over is immediate, and is
not open to any objection on the ground of the rule against per-
petuity.   Therefore the fund does not fall into the residue.   As
the gift is of money, it will go to the next of kin.   *Codman* v.
*Krell*, 152 Mass. 214.                      *Decree accordingly.*

*J. Willard & G. P. Sanger*, ( *G. L. Clarke* with them,) for
the heirs at law and next of kin.

*W. H. Atwood*, for the town of Shirley.

*S. K. Hamilton*, for the First Parish in Shirley.