## DYKEMAN ET AL. v. JENKINES, EXECUTOR, ET AL.

[No. 22,221. Filed May 27, 1913.]

1. CHARITIES.—*Trusts.—Validity.—"Charitable Trust."*—A trust for hospital purposes is a good charitable trust. p. 555.

2. CHARITIES.—*Gifts.—Construction.*—A gift to charitable uses is highly favored, and will be liberally construed in order to prevent its failure and the defeat of the donor's intention. p. 555.

3. WILLS.—*Construction.—Validity.*—Where language used in a will is reasonably susceptible of two constructions, one of which would defeat the will, that construction sustaining its provisions will be adopted. p. 556.

4. CHARITIES.—*Gifts.—Validity.*—A testamentary gift to an executor in trust to erect and equip a hospital for the treatment of diseases, except certain ones therein specified, and to convey the property to a city to hold the same in trust as a hospital, but providing that before conveyance the city should agree to certain named conditions, is valid, although the city may never accept the trust. p. 556.

5. WILLS.—*Construction.—Presumption Against Intestacy.*—Any construction of a will that will result in partial intestacy is to be avoided, where the words used may fairly carry the whole estate. p. 559.

6. MUNICIPAL CORPORATIONS.—*Powers and Functions.—Hospitals.* —The erection and management of a public hospital is germane to the purposes for which a city is created. p. 559.

7. CHARITIES.—*Capacity of Trustee.—Municipal Corporations.*— Under §8655 subd. 6 Burns 1908, Acts 1905 p. 219, §53, authorizing cities to receive public trusts and to agree to conditions and terms accompanying the same, a city may accept a testamentary gift in trust for a public hospital. p. 559.

8. CHARITIES. — *Trusts. — Conditions. — Validity. — Acceptance by City.—Statutes.*—The provision of a testamentary gift in trust to erect and equip a hospital and convey same to a city, that, before the conveyance is made, the city shall agree that the hospital shall be controlled and managed by a certain board of hospital managers, to be appointed in the manner provided in the will, is not invalid as conflicting with §§8838, 8839 Burns 1908, Acts 1905 p. 219, §§213, 214, prescribing the manner of conducting city hospitals and all other city charities, and the city may accept such trust on the condition named; "city hospital" and "all other city charities," as used in the statute, having application only to such as are created and maintained out of the public funds. p. 559.

9. CHARITIES.—*Gift.—Conditions.—Invalid Subsequent Condition.* —Where a testator gave property to his executor in trust to erect and equip a hospital and to convey same to a city on certain conditions to be by it held in trust for a hospital, a provision of the will that the city shall pay to the hospital managers an annual interest of six per cent on a residuary fund bequeathed to the city in trust, does not vitiate the gift, since it is a condition subsequent amounting merely to a direction as to the management of such residuary fund, and, if illegal or impossible, a

court of equity will direct a management that is legal and possible to the same end. p. 561.

10. WILLS.—*Construction.*—*Conditions Precedent.*—*Conditions Subsequent.*—If the language of a will shows that the act on which an estate depends must be performed before the estate can vest, the condition is precedent, and, if it is impossible of performance, the devisee can take nothing; but if such act may accompany or follow the vesting of the estate, a condition subsequent is created. p. 561.

11. CHARITIES.—*Testamentary Gifts.*—*Failure or Incapacity of Trustee to Act.*—Where there is a devise or bequest for a definite charitable purpose to a designated trustee capable of taking the legal estate, who is unwilling or has not the power to carry out the trust, a court of equity will appoint a new trustee to administer the trust in the manner appointed by the testator. p. 562.

12. PERPETUITIES.—*Charitable Gifts.*—The rule against perpetuities does not apply to gifts for charitable uses where the title vests immediately in charity. p. 563.

13. CHARITIES.—*Gifts.*—*Validity.*—A testamentary gift in trust to erect, equip and maintain a hospital for the treatment of the sick and injured, but excluding "hopeless" or "incurable," and other stated cases, is not void for uncertainty of the beneficiaries as a class. p. 563.

14. CHARITIES.—*Trusts.*—*Uncertainty of Beneficiaries.*—It is characteristic of a charitable trust that the beneficiaries cannot be definitely ascertained or pointed out in the gift. p. 564.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by George P. Dykeman and others against Albert G. Jenkines, executor of the will of David D. Dykeman, deceased, and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Walter D. Kline, M. Winfield, Kistler & Kistler* and *King & Adams,* for appellants.

*Long, Yarlott & Souder, Sayre & Hunter, John C. Nelson* and *Rabb & Mahoney,* for appellees.

SPENCER, C. J.—This is an action brought by appellants, as heirs at law of David D. Dykeman, deceased, to have declared invalid certain provisions of his will, whereby certain portions of his property were devised to appellee, Albert G. Jenkines, the executor under the will, in trust for certain

purposes. The amended complaint is in two paragraphs, to each of which demurrers were filed by the several appellees, Albert G. Jenkines, executor, Albert G. Jenkines, trustee, and the Board of Commissioners of Cass County. Each of these demurrers was sustained and the questions presented by this appeal arise from the rulings of the trial court thereon.

The provisions of the testator's will which appellants seek to have declared invalid are as follows:

"Item 21. I hereby give, devise and bequeath unto my executor hereinafter named, my Pollard farm * * * (here follow location and description) * * * in trust for the following uses and purposes, to-wit: To convey and transfer said Pollard farm to the City of Logansport, Indiana, by proper instrument of conveyance, to be had and held by said city in trust forever for a public park, * * * (here follow the terms and provisions of a contract to be entered into by said City of Logansport and the executor as a condition precedent to the making of such conveyance) * * *. In case the City of Logansport refuses to accept the title to said property in trust as herein provided and to enter into said agreement and contract, then in that case, after the expiration of three years from my death, said Pollard farm shall be and become part and parcel of the fund hereinafter constituted and provided for the support of the 'Mary Dykeman Hospital' and shall be sold by my executor as hereinafter provided in Item twenty-third of this will, and the proceeds of said sale added to said fund for the support of said 'Mary Dykeman Hospital.'

Item 22. I hereby give, devise and bequeath unto my executor hereinafter named a tract of twenty (20) acres in the northwest corner of Paul Longlois Reserve in Township number twenty-seven (27) north, of range number two (2) east, in Cass County, Indiana, to include the great spring situated thereon, more particularly bounded and described as follows, to-wit: * * * (here follow description of the tract and of an easement to be appurtenant thereto) * * *, in trust, however, for the following uses and purposes, to-wit: To convey and transfer said twenty (20) acre tract and said easement for a road to the Board of County Commissioners of Cass County, Indiana, to be had and

held by said board of county commissioners, together with the great spring thereon, that empties its waters into the Wabash, in trust forever as a public park and picnic resort * * * (here follow the terms of a contract similar to that provided in Item 21) * * *. In case said Board of County Commissioners refuse to accept the title to said park property in trust as herein provided and to enter into said agreement and compact, then and in that case, after the expiration of five years from my death, said described property shall be and become part and parcel of the funds hereinafter constituted and provided for the support of the 'Mary Dykeman Hospital', and shall be sold by my executor as hereinafter provided in Item twenty-third of this will, and the proceeds of said sale added to said fund for the support of said 'Mary Dykeman Hospital'.

Item 23. All the rest and residue of my property real, personal and mixed not herein otherwise disposed of I hereby give, devise and bequeath unto my executor hereinafter named, in trust for the following uses and purposes, to-wit: I hereby set apart and direct not to be sold, outlot number seven (7) in Noah S. LaRose's Third Addition to the City of Logansport, Cass county, Indiana, situated on what is known as Hamilton Heights, on which outlot I direct my executor to erect, furnish and equip, in memory of my deceased wife, to be known as the 'Mary Dykeman Hospital', a non-partisan, non-sectarian hospital for the treatment and cure of the sick and injured but not to include any cases of contagious eruptive diseases, such as smallpox, scarlatina, measles, nor hopeless tubercular or syphilitic cases, nor incurable cases of any character nor any cases of insanity; said hospital to cost the sum of about fifty thousand dollars, more or less, but not to exceed one hundred thousand dollars, and shall cause to be cut in stone over the main entrance of the Hospital Building, the words 'Mary Dykeman Hospital'. When such hospital building is completed and furnished, I direct my executor by proper instrument in writing to convey said outlot and hospital to the City of Logansport, Indiana, to have and to hold the same in trust, forever, as and for a non-partisan, non-sectarian hospital for the treatment and cure of the sick and injured but not to include any cases of contagious, eruptive diseases, such as smallpox, scarlatina or measles, nor hopeless tubercular or syphilitic cases nor incurable cases of any character, nor any cases of insanity, and for no other

purposes whatever. Provided, however, that before such conveyance is made to the City of Logansport the Common Council of said city shall enter upon record of their council proceedings a formal acceptance of said bequest and devise with a stipulation and agreement on the part of said city which shall be irrevocable. That said hospital shall forever be named and designated the 'Mary Dykeman Hospital', that said hospital shall forever remain a non-partisan, non-sectarian hospital for the treatment and cure of the sick and injured, but not to include any cases of contagious, eruptive diseases, such as smallpox, scarlatina or measles, nor hopeless tubercular or syphilitic cases, nor incurable cases of any character nor cases of insanity; and that said hospital shall be managed and controlled by a Board of Hospital managers, three in number, two of whom shall be respectable physicians of Cass county, Indiana, and the other a woman of judgment and discretion, to be selected and appointed by the common council of the said city for a regular term of office, when their successors shall be in like manner appointed; and said conveyance by my said executor shall be conditional upon the observance and performance of the terms of said agreement by the City of Logansport. * * * (here follow certain directions to the executor for the settling of the estate generally).

Item 24. When my said executor has finally settled my said estate and has finally carried out the provisions of this will, any residue of property or money remaining in his hands, I direct that he turn over and pay to the City of Logansport, Indiana, at an honest appraisement, to be held in trust by said city forever, as a fund for the support and maintenance of said 'Mary Dykeman Hospital', on which said city shall pay to the Board of Managers of said hospital an annual interest of six per cent. to be used for the support and maintenance of said 'Mary Dykeman Hospital.' ''

Reading together the several items of the will which are here questioned it becomes necessary first to determine the validity of items 23 and 24, since the residuary provisions of items 21 and 22 render their validity immaterial for the purposes of this action if the hospital devise and bequest can be sustained. The first two propositions advanced by appellants in attacking the validity of these provisions may be

considered together and are, in effect, thus stated: the law of Indiana prohibits testamentary disposition of property except to a "person, or corporation *capable of holding the same,*" and the contested items here involved must therefore fail for the reason that there is no trustee named in the will *capable of taking and holding the several properties in trust under the conditions prescribed.* In other words, it is appellants' contention that the city of Logansport and the Board of Commissioners of Cass County are not legally authorized and empowered to accept the respective devises and bequests on the terms and conditions required of them, and that it must therefore follow that the testator had no testamentary power, under our statute, to make such devises and bequests—the power to make depending on the power to take.

Appellants' position as thus stated presupposes that the upholding of the several items in suit depends wholly on the capacity of the city of Logansport to act as trustee of the hospital trust under the terms of the will, but that question is the first to be determined here and may be thus stated: Is the trusteeship of the city of Logansport of the essence of the gift expressed in items 23 and 24, and is it a condition precedent on which the gift to charity is to depend? As preliminary to a determination of this question it may be well to observe: (1) That a trust for hospital purposes is a good charitable trust. 2 Perry Trusts (6th ed.) §§697, 699; *Woodruff* v. *Marsh* (1893), 63 Conn. 125, 26 Atl. 846, 38 Am. St. 346; *McDonald* v. *Massachusetts General Hospital* (1876), 120 Mass. 432, 21 Am. Rep. 529; *Buchanan* v. *Kennard* (1911), 234 Mo. 117, 136 S. W. 415, 37 L. R. A. (N. S.) 993, Ann. Cas. 1912 D. 50. (2) That gifts to charitable uses should be highly favored, and construed by the most liberal judicial rules that the nature of each case, as presented, will admit of, rather than that the gift should fail and the intent of the donor not be accomplished. *Board,*

etc., v. *Dinwiddie* (1894), 139 Ind. 128, 37 N. E. 795; *Erskine* v. *Whitehead* (1882), 84 Ind. 357; *Duggan* v. *Slocum* (1899), 92 Fed. 806, 34 C. C. A. 676; *Ingraham* v. *Ingraham* (1897), 169 Ill. 432, 48 N. E. 561, 49 N. E. 520; *In re Willey's Estate* (1900), 128 Cal. 1, 60 Pac. 471; *Harrington* v. *Pier* (1900), 105 Wis. 485; 82 N. W. 345, 50 L. R. A. 307, 76 Am. St. 924; *Woodruff* v. *Marsh, supra; Maxcy* v. *City of Oshkosh* (1910), 144 Wis. 238, 128 N. W. 899, 31 L. R. A. (N. S.) 787; *In re Nilson's Estate* (1908), 81 Neb. 809, 116 N. W. 971; *Franklin* v. *Hastings* (1912), 253 Ill. 46, 50, 97 N. E. 265 Ann. Cas. 1913 A. 135. (3) That 3. where the language used in a will is reasonably susceptible of two different constructions, one of which will defeat and the other sustain the provisions, the doubt is to be resolved in favor of the construction which will give effect to the will, rather than the one which will defeat it. *Maxcy* v. *City of Oshkosh, supra;* 2 Perry, Trusts (6th ed.) §709; Flint, Trusts and Trustees §274; *Daily* v. *City of New Haven* (1891), 60 Conn. 314, 22 Atl. 945, 14 L. R. A. 69; *In re Robinson* (1911), 203 N. Y. 380, 388, 96 N. E. 925, 37 L. R. A. (N. S.) 1023.

While it is not to be doubted that it was the testator's wish and, indeed, his hope that the city of Logansport should act as the trustee of his benefaction, it does not necessarily follow nor does the language of his will impel 4. the belief that his gift to charity was to depend on the acceptance by the city of such trusteeship. A reading of item 23 of the will is sufficient to indicate that it was the testator's intention that the gift to charity should be absolute and that it should vest immediately on his death. The proviso in that item does not read "before my executor shall erect, furnish and equip the hospital herein mentioned, said city of Logansport shall enter upon record a formal acceptance of said bequest," etc. On the contrary, the executor, then acting as trustee, is directed to erect, furnish and equip the hospital; the nature of the institution and

the character of cases which it is to receive are specifically
defined, and provision is made for the perpetuation of the
name "Mary Dykeman Hospital" over the door of the main
entrance to the building, before any reference is made to the
city of Logansport and its relation to the proposed institu-
tion. In this connection we quote the following language,
as applicable here, from the case of *Brigham* v. *Peter Bent
Brigham Hospital* (1903), 126 Fed. 796. At page 799 the
court said: "The reading of these provisions leaves no
doubt as to the intention of the testator. His purpose is
to found a hospital in the city of Boston for the benefit of
sick persons in indigent circumstances. He executes this
purpose by devising the property to his executors in trust,
and directing them, after making certain specific payments,
to transfer the residue to a corporation bearing his name,
which they are to form for the purpose of administering the
charity. There is nothing which is undisposed of. There is
no resulting trust in favor of the heirs or next of kin. The
property is not given over to them upon any contingency
or the happening of any event. Since the testator intended
to dedicate to charity the entire balance of his estate, after
satisfying the annuities and legacies, it is the duty of the
court to carry out this intention, if consistent with the
rules of law. The clause ends with the words, 'I give, de-
vise and bequeath said rest and residue of my property and
estate accordingly.' These words, read in the light of the
whole clause, and especially of the first paragraph, show
a direct and absolute gift to charity of the entire residue of
the estate after making certain payments. The trust for
charitable purposes is constituted immediately upon the
death of the testator, and is not conditional upon the forma-
tion of the hospital. The testator meant that the beneficial
interest in the original fund, and in the accumulations as
they accrued, which were not otherwise disposed of, should
vest at once in the charity. The directions as to the hos-
pital are simply the mode or instrument or machinery

adopted by him to carry into effect his charitable purpose. The formation of the corporation was not a condition precedent to the constitution of the gift, under well-settled law. The gift will be upheld, although the corporation may never be created.'' So, in the case at bar, it was clearly the testator's intention that the gift should vest in charity immediately on his death and the executor was appointed as trustee, not merely for the purpose of turning over certain property to the city but for the express purpose of building and equipping the hospital itself. When that was done, it was the testator's wish that the city of Logansport should become trustee for the permanent management of the institution but he provided that before the property should be conveyed to it, said city should agree to certain named conditions. These conditions, however, go to the transfer of the legal title in the property to the city and not to the vesting of the beneficial interest in charity. The gift will be upheld, although the city may never accept the trust.

Another circumstance which leads to the conclusion that the trusteeship of the city of Logansport is not of the essence of the gift is that items 23 and 24 of the will contain no residuary provisions. Items 21 and 22 provided that if the trustees named therein should fail or refuse, within a given time, to accept title to the property therein devised, such property should go to the hospital fund. The testator realized that the named trustees might either refuse to accept the respective trusts or be without power so to do and provided for such an emergency. He must have known also that the city of Logansport might refuse to accept the hospital trust and to say, in view of such knowledge, that it was the testator's intention that the property should then go to his heirs is to presume that he intended to die intestate as to all of the property mentioned in items 21, 22, 23 and 24 of his will in the event that the city of Logansport, for any reason, declined to accept the hospital trust. No pre-

sumption of an intention to die intestate as to any part of his property is allowable when the words of a testator's will may fairly carry the whole, and any construction which will result in partial intestacy is to be avoided. *Myers* v. *Carney* (1908), 171 Ind. 379, 84 N. E. 400; *Barker* v. *Town of Petersburg* (1908), 41 Ind. App. 447, 82 N. E. 996.

But even though it be conceded, for the moment, that it was the testator's intention that the hospital trust should depend on the acceptance by the city of the legal title to the property, it does not follow, as appellants contend, that the trust must now fail for the reason that said city is without legal authority to accept the trust on the conditions named. The erection and management of a public hospital is germane to the purposes for which a city is created and "A municipal corporation may be a trustee under the will of an individual when the trust created is germane to the purposes for which the corporation was called into being, and when the administration of the trust, and the liabilities it imposes, are not foreign to the objects for which the corporation was instituted." *Skinner* v. *Harrison Tp.* (1888), 116 Ind. 139, 142, 18 N. E. 529, 2 L. R. A. 137, and cases cited; see, also, *Board, etc.,* v. *Dinwiddie, supra.* Furthermore, the city of Logansport is expressly authorized by statute "to receive * * * public trusts and agree to conditions and terms accompanying the same and bind the corporation to carry them out." §8655 subd. 6 Burns 1908, Acts 1905 p. 219, §53.

It is true, as appellants assert, that those "conditions and terms" must be such as are authorized by law and within the powers of the city to carry out, but the conditions set out in the will before us come within such a classification. It is provided that before the title to the hospital property shall be transferred to the city of Logansport, the common council of said city shall enter on its rec-

ords a formal acceptance of the devise and bequest and therein agree to three things: (1) that said hospital shall forever be named and designated "Mary Dykeman Hospital"; (2) that its beneficiaries shall be limited only within certain named classes; and (3) that it shall be managed and controlled by a certain board of hospital managers, to be appointed in the manner provided in the will. As to the legality of the first two provisions no serious objection can be urged but as to the third provision appellants insist that it is unlawful for the reason that the management and control of city hospitals is vested in the city boards of health by virtue of §§8838, 8839 Burns 1908, Acts 1905 p. 219, §§213, 214. To quote appellants in their position on this point: "The manner and mode of conducting hospitals has been prescribed, and it is not for the testator or other person, by contract or otherwise, to change or diminish these powers as fixed by the legislature delegating them." The phrase "city hospital * * * and all other city charities," as used in the statutes referred to, applies to such institutions as are created and maintained out of the public funds, and should not be construed to limit a donor in making such provision as he may choose for the management of a hospital or other charitable institution which he may establish and sustain out of his own bounty. It must be borne in mind that this hospital is a gift to charity and not to the city of Logansport and the provision for a board of managers for the institution in no way infringes on the official duties and power of the city board of health. We see nothing in the provisions of item 23 which will prohibit the city of Logansport, if it so elects, from accepting the trust therein created and on the conditions named.

It is insisted, however, that the trusts created by items 23 and 24 respectively are interdependent and constitute one general scheme; that both must therefore fail for the reason that the provision, in item 24, which directs that the city of Logansport shall pay to the hospital managers an annual

interest of six per cent on the residuary fund bequeathed to said city in trust, is an illegal condition and vitiates the whole scheme. Without determining the legality of that provision it is enough to say that it is not made a part of the agreement which the common council is required to enter of record and is at most a condition subsequent, which, even if void, does not vitiate the gift. It is merely a direction as to the management of the residuary fund and if illegal or impossible a court of equity, within its ordinary jurisdiction, will direct a management that is legal and possible to the same end. 2 Perry, Trusts (6th ed.) §728; *Jones* v. *Habersham* (1882), 107 U. S. 174, 2 Sup. Ct. 336, 27 L. Ed. 401; *Field* v. *Drew Theological Seminary* (1890), 41 Fed. 371; *Manners* v. *Philadelphia Library Co.* (1880), 93 Pa. St. 165, 39 Am. Rep. 791; *Beatty's Estate* v. *Western College, etc.* (1898), 177 Ill. 280, 52 N. E. 432, 42 L. R. A. 797, 69 Am. St. 242; *Doty* v. *Willson* (1872), 47 N. Y. 580.

As was said in *Burdis* v. *Burdis* (1898), 96 Va. 81, 30 S. E. 462, 70 Am. St. 825, at page 84: "There are no technical words to distinguish between conditions precedent and conditions subsequent. The distinction is matter of construction. * * * If the language of the particular clause, or of the whole will, shows that the act on which the estate depends must be performed before the estate can vest, the condition is precedent, and unless it can be performed, the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting of the estate, but may accompany or follow it, and this can be collected from the whole will, the condition is subsequent". See, also, *Lindsey* v. *Lindsey* (1874), 45 Ind. 552, 562; *Finlay* v. *King* (1830), 28 U. S. (3 Pet.) *346, 374, 7 L. Ed. 701; *City of Chicago* v. *Chicago, etc., R. Co.* (1882), 105 Ill. 73, 78; *Merrill* v. *Emery* (1830), 27 Mass. (10 Pick.) 507, 511; *Beatty's Estate* v. *Western College, etc., supra; Doty* v. *Willson* (1872), 47 N. Y. 580-584.

VOL. 179—36

Furthermore, where there is a devise or a bequest for a definite charitable purpose to a designated trustee capable of taking the legal estate and the named trustee is unwilling or has not the power to carry out the trust, a court of equity will appoint a new trustee to administer the trust in the manner appointed by the testator. Page, Wills §644; *Skinner* v. *Harrison Tp., supra; Haines* v. *Allen* (1881), 78 Ind. 100, 102, 41 Am. Rep. 555; *Grimes' Exrs.* v. *Harmon* (1871), 35 Ind. 198, 253, 9 Am. Rep. 690; *Cruse* v. *Axtell* (1875), 50 Ind. 49; *Chapin* v. *School District, etc.* (1857), 35 N. H. 445; *Richards* v. *Church Home, etc.* (1913), 213 Mass. 502, 100 N. E. 631; *Phillips* v. *Harrow* (1894), 93 Iowa 92, 107, 61 N. W. 434; *Richardson* v. *Essex Institute* (1911), 208 Mass. 311, 94 N. E. 262, 21 Ann. Cas. 1158. Such an act of appointment does not invoke the doctrine of *cy pres* which, as appellants assert, does not exist in Indiana in so far as it is a prerogative power. *Grimes' Exrs.* v. *Harmon, supra.* As is said, however, in 2 Perry, Trusts (6th ed.) §722: "If a donor makes a gift in trust for a particular charitable purpose, as to establish a particular * * * hospital * * * and * * * the trustee appointed by him is incapable of taking the gift, and of acting in that behalf; * * * courts of equity, in the exercise of their ordinary jurisdiction, can establish the charity; for it is their invariable practice not to allow a legal and valid trust to fail for want of a trustee." See, also, *Erskine* v. *Whitehead, supra; Grand Prairie Seminary* v. *Morgan* (1898), 171 Ill. 444, 49 N. E. 516; *Storrs Agri. School* v. *Whitney* (1887), 54 Conn. 342, 345; *Bliss* v. *American Bible Soc.* (1861), 84 Mass. 334, 337. In support of their position appellants have called particular attention to the cases of *Bullard* v. *Inhabitants, etc.* (1891), 153 Mass. 559, 27 N. E. 766, 12 L. R. A. 110; *Robbins* v. *County Commissioners, etc.* (1911), 50 Colo. 610, 115 Pac. 526; and *Bowden* v. *Brown* (1908), 200 Mass. 269, 86 N. E. 351, 128 Am. St. 419. Without stating unnecessary detail it is sufficient to point out that in

each of these cases the bequest was made to depend on an impossible condition precedent. From the foregoing we must conclude that items 23 and 24 of the testator's will seek to establish a charitable trust and that such trust can not be held invalid on the ground that no trustee, capable of taking the same, is named in the will.

Appellants' next proposition is that the several devises here under consideration are in violation of the statute of this State against perpetuities. As we have already determined, the hospital devise is made direct to charity and is unconditional. The rule against perpetuities does not apply to gifts for charitable uses where the title vests immediately in charity. 2 Perry, Trusts (6th ed.) §§736, 737; *City of Richmond* v. *Davis* (1885), 103 Ind. 449, 3 N. E. 130; *Field* v. *Drew Theological Seminary, supra; Hinckley's Estate* (1881), 58 Cal. 457; *Santa Clara Female Academy* v. *Sullivan* (1886), 116 Ill. 375, 6 N. E. 183, 56 Am. Rep. 776; *Mills* v. *Davison* (1896), 54 N. J. Eq. 659, 35 Atl. 1072, 35 L. R. A. 113, 55 Am. St. 594; *Franklin* v. *Hastings* (1912), 253 Ill. 46, 51, 97 N. E. 265, Ann. Cas. 1913 A. 135; *Jones* v. *Habersham* (1882), 107 U. S. 174, 2 Sup. Ct. 336, 27 L. Ed. 401; *Brigham* v. *Peter Bent Brigham Hospital* (1903), 126 Fed. 796, 798.

Finally, it is contended that the hospital trust is void for uncertainty of the beneficiaries as a class. The will provides that the hospital shall be for the treatment and cure of the sick and injured but not to include persons afflicted with certain specified diseases. While it is to be conceded that it is not always possible to determine when a case is "hopeless" or "incurable," yet we must hold that the classification of beneficiaries set out in the will is sufficiently definite to enable the board of managers, in the exercise of its functions, to determine who are entitled to admission into the institution. The very nature of human illness makes a more accurate classification extremely difficult and renders it necessary that a board of hospital mana-

gers be invested with certain powers of discretion. As to charities generally, "It is one of the characteristics of a charitable trust that the persons or individuals for whose particular benefit the gift is made are not and cannot be definitely ascertained or pointed out in the gift. * * * It is the very indefiniteness with regard to individual persons which brings it within the class of charitable gifts." *In re Nilson's Estate, supra.* See, also, 2 Perry, Trusts (6th ed.) §687; *Erskine* v. *Whitehead, supra; Board, etc.,* v. *Dinwiddie, supra; Board, etc.,* v. *Rogers* (1876), 55 Ind. 297; *Craig.* v. *Secrist* (1876), 54 Ind. 419; *Barker* v. *Town of Petersburg* (1908), 41 Ind. App. 447, 451, 82 N. E. 996; *DeBruler* v. *Ferguson* (1876), 54 Ind. 549; *Daly's Estate* (1904), 208 Pa. St. 58, 64, 57 Atl. 180; *Storrs Agri. School* v. *Whitney, supra; Grimes' Exrs.* v. *Harmon, supra; Kemmerer* v. *Kemmerer* (1908), 233 Ill. 327, 84 N. E. 256, 122 Am. St. 169; *Maxcy* v. *City of Oshkosh, supra.*

For the reasons already indicated we hold that the trial court did not err in sustaining the separate and several demurrers of the appellees to the first and second paragraphs of appellants' amended complaint and the amendments thereto, and the judgment is therefore affirmed. It appearing that appellant George P. Dykeman has died since the submission of this cause, the judgment herein will therefore be affirmed as of the date of submission.

Myers, J., not participating.

NOTE.—Reported in 101 N. E. 1013. See, also, under (1) 6 Cyc. 906; (2) 6 Cyc. 949; (3) 40 Cyc. 1407; (4) 6 Cyc. 935; (5) 40 Cyc. 1409; (6) 28 Cyc. 615; (7) 6 Cyc. 932; (8, 9) 6 Cyc. 951; (10) 40 Cyc. 1686, 1689; (11) 6 Cyc. 939; (12) 6 Cyc. 905; 30 Cyc. 1496; (13, 14) 6 Cyc. 939, 941. As to hospitals, homes and poor-houses as objects of charitable trusts, see 63 Am. St. 262. For a discussion of a gift for the establishment of a hospital as a charitable gift, see Ann. Cas. 1912 D 58.