### LONG et al. v. UNION TRUST CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 18, 1922.)

No. 3000.

Perpetuities ⬉4(15)—Charitable gift held to vest at once in capable trustee.

A testamentary gift of property in fee to a trustee in part for the foundation of a school, the trustee to hold and manage the property and pay the income to the widow of the testator during her lifetime, and on her death to transfer the corpus to other trustees to be designated by persons named, who were to found, maintain, and manage the school, *held* not void under the Indiana statute of perpetuities (Burns' Ann. St. 1914, §§ 3998, 9723), as not vesting in a capable trustee within the lifetime of a person in being, but valid as vesting at once, both in possession and title, in the first trustee, and its validity not being affected by the fact that there was a succession of trustees.

Appeal from the District Court of the United States for the District of Indiana.

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by Amelia S. Long and another against the Union Trust Company, trustee, and others. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 272 Fed. 699.

Morris M. Townley, of Chicago, Ill., for appellants.
William H. Thompson, of Indianapolis, Ind., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This appeal is prosecuted to reverse an order of the District Court, dismissing, for want of equity, a bill filed to test the provisions of the will of Henry C. Long for the founding of a school or college for the higher education of women and girls. After several specific bequests, one of which provided for the "George Long Missionary Fund," the will gave the whole estate remaining to defendant Union Trust Company, as trustee, in fee simple, for purposes named. The testator recognized the right to, and the possibility that the widow might, within one year after his death, renounce the will, and the will was drawn so as to meet such a contingency. But the widow, Sarah C. W. Long, accepted under the will and enjoyed its provisions from testator's death in 1901 to 1916, when she died.

Neither testator's widow nor his heirs (so far as appears he had no heirs) could by any possibility take any interest in his estate otherwise than in accordance with that trust, and through and by delivery or conveyance from that trustee, save and except only the possibility that the widow might renounce. The law of Indiana controls in the determination of this case. It is not denied that it was intended to create a public charity. Under the Indiana law, provisions for such gifts are most liberally construed, so that the purpose of the donor may not be defeated. Richards v. Wilson, 185 Ind. 335, 112 N. E. 780; Dykeman v. Jenkines, 179 Ind. 549, 101 N. E. 1013, Ann. Cas. 1915D, 1011; Erskine v. Whitehead, 84 Ind. 357; Board v. Dinwiddie, 139 Ind. 128, 37 N. E. 795.

It is admitted by appellants that the only question here for decision is: Did the intended gift for the school or college vest in a capable trustee within the life of a person in being? As to the estate in the Union Trust Company, trustee, the will made certain definite provisions, which were absolute and unchangeable except as to two matters: (1) The widow, within a year, might have renounced the provisions of the will and have taken under the law; but that could in no event have absorbed all the property intended for the school. (2) The income from certain real estate went to Henry W. Long for life, the course to be taken by the fee depending on whether he died leaving descendants. It did go to Amelia S. Long, his child, a plaintiff here, but it might have gone to the school. The same provision was made as to certain other real estate, the income from which went to Alice M. Long, now Jarrett, a plaintiff here. She is yet living, and was a person in being at the death of the testator.

Subject to those provisions, the income was to go to Sarah C. W. Long, while she was testator's widow, and the corpus of the estate in part to five specific money gifts to charity, and in part to the charity

in question. The five gifts, as well as the George Long Missionary Fund, were all to be paid or delivered by the trustee to established concerns that already had the machinery or organizations for handling such gifts, hence the language of item 8 of the will that the Union Trust Company was not to be trustee for those gifts after the several deliveries. As to the gift in question, the testator intended that the charity should be administered through an entirely new organization, made up in a way that would insure the carrying out of his plans. Therefore, to care for his widow from the income of the trusteed estate and preserve the body of it for the other trusts named, he made the simple arrangement of naming the Union Trust Company, with title in fee, trustee for all purposes until his obligation to his widow was discharged and until the several charitable gifts were lodged with those who were to administer them.

Under that appointment the trustee took the principal of the estate, other than the money gifts, in trust for the charity in question, with the duty to handle, manage, and preserve it by proper care and investments, so as to have it ready when the time for delivery to its succeeding trustee should arrive. When that time should arrive the testator evidently desired that there should be trustees or agents who, because of their then relation to religious and public affairs, could choose 10 trustees in their judgment fitted to establish and manage the school or college, so, for that purpose, he selected the church, city, and state officials designated. Testator had the same power and the right to select them for that purpose that he had to select any agent or trustee to effectuate any of his purposes. The possibility that they might not act is one that exists as to every testamentary appointment.

As the final step in administering the trust, the testator directed the founding, maintenance and management by the ten trustees of the school; hence the provision in item 8 that the Union Trust Company was not charged with the duty of founding, establishing and maintaining the school or college—that was merely the machinery; it was not the charity. There is nothing unusual or illegal in a succession of agents or trustees. There was an immediate gift to charity, that vested in the Union Trust Company as trustee. The trustee had not only the possession, but the title as well, and there was no contingency. Dykeman v. Jenkines, 179 Ind. 549, 563, 101 N. E. 1013, Ann. Cas. 1915D, 1011.

Testator had no one with any legal claim upon him, other than his wife, Sarah C. W. Long. Plaintiff, Mrs. Jarrett, and her twin brother, Henry W. Long, born in 1878, were provided for and actually took under the will. Mrs. Jarrett is still receiving income from real estate given her for life, and if she dies leaving children they will take the fee under the will. Henry W. Long took and enjoyed property under the will; but he is now dead, and the other plaintiff, Amelia S. Long, as his child, took real estate, the income of which was left to Henry W. Long for his life. The only right in plaintiffs to maintain this suit is based upon the adoption of Henry W. Long and Alice M. Jarrett by testator's widow, Sarah C. W. Long, after testator's death, and after they had reached their majorities. If the will as to the school was void,

the widow, the only person having any right to sue, stood by, accepting the provisions awarded her for 15 years, all the remaining years of her life.

Our holding that there was a capable trustee in whom the title vested at the death of the testator removes all necessity for considering the Indiana statute with reference to perpetuities (Burns' Ann. St. 1914, §§ 3998, 9723), which is not different from the common law or from other statutes, except that the period is limited to the life of a person or persons in being and cuts off the additional 21 years usual in most statutes; and it also makes unnecessary any extended discussion of the many legal questions presented and discussed in the briefs.

Much reliance is placed by plaintiffs upon Grimes v. Harmon, 35 Ind. 198, 9 Am. Rep. 690, as supporting their contention that the gift in this case for the establishment of the school must fail, but in Grimes v. Harmon, the only gift or attempted gift to any trustee was to a body of men that did not exist. Even if there were then persons in existence that might have been brought together to make up such a body, yet there was no rule or measure by which they could have been selected and no person named who could apply the rule had there been one prescribed. Generally speaking, the Indiana court seems to have followed the Supreme Court of the United States. Plaintiffs urge, and it probably is true, that Grimes v. Harmon was bottomed upon Baptist Ass'n v. Hart, 4 Wheat. 1, 4 L. Ed. 499, and Fontain v. Ravenel, 17 How. 369, 15 L. Ed. 80. However, after the Supreme Court of the United States found that Baptist Ass'n v. Hart had been decided upon an insufficient examination of the precedent authorities and had substantially overruled that case, the Indiana authorities seem to have followed the federal authorities, and notably in Erskine v. Whitehead, 84 Ind. 357, Board v. Dinwiddie, 139 Ind. 128, 140, 37 N. E. 795, and Richards v. Wilson, 185 Ind. 335, 112 N. E. 780, took advanced ground and largely departed from Grimes v. Harmon as an authority. Fontain v. Ravenel, supra, is easily distinguished from the case at bar. There the executors were given discretionary power in the selection of the ultimate trustees and also in selecting and designating the persons who were to become beneficiaries. All of the executors died before exercising the discretion as to either matter, so that there never was any trustee. In Board v. Dinwiddie, supra, the Indiana court disposed of Grimes v. Harmon as an authority in that case by saying that the charity in Grimes v. Harmon failed for want of a trustee.

The decree of the District Court is affirmed.